James P. O'NEILL, Jr., et al., Appellants,

v.

Joseph Edward CRAIG, Appellee.

No. 752.

Court of Civil Appeals of Texas, Corpus Christi.

April 12, 1973.

Rehearing Denied May 3, 1973.

J. G. Hornberger, Laredo, for appellants.

Cullen, Carsner, Edwards, Williams & Stevenson, Donald A. Edwards, Victoria, for appellee.

## OPINION

NYE, Chief Justice.

This is an automobile rear end collision case. The plaintiffs were the owners and passengers in an automobile driven by plaintiff Mrs. Maria V. O'Neill. The defendant's vehicle ran into the left rear portion of plaintiffs' vehicle, causing damages and personal injuries to the plaintiffs. The case was tried before a jury which exonerated the defendant of liability and which found contributory negligence on the part of the plaintiff Mrs. O'Neill. Mrs. Maria V. O'Neill and her mother, Mrs. Florencia Vidaurri (a passenger) have appealed.

On November 24, 1967, appellant Mrs. O'Neill, was driving her automobile from Houston to Laredo. The other appellant, Mrs. Vidaurri, was riding in the back seat. The car was headed west on U. S. Highway 59 towards Laredo. Highway 59 at this point consists of four driving lanes, two east and two west, and two parking lanes, one each on the extreme north and south side of the highway. Sometime after dark appellant Mrs. O'Neill stopped her automobile on the north or her right hand side of the highway in the town of Goliad. She stopped in front of a filling station so that one of the occupants of the car could make a phone call. The evidence was mostly contradictory. According to the appellants, Mrs. O'Neill's car was stopped entirely off the traveled portion of the highway in a parking lane with her parking lights on. According to the testimony of the defendant and two other witnesses, not parties to the suit, plaintiffs' car was stopped on or partially on the traveled portion of the highway and displayed no lights.

Appellants' first fifteen points of error complain of the jury's answers to special issues involving primary and contributory negligence and proximate cause associated therewith. They argue that the jury's answers are contrary to the greater weight and preponderance of the evidence. The jury answered all of the contributory negligence issues against plaintiff O'Neill. The only issue as to appellant Vidaurri (the passenger), involving her negligence, was answered in her favor. That issue was whether she remained inside the stopped vehicle under circumstances under which a person of ordinary prudence would not have done so. The primary negligence issues as to the defendant concerning his speed and lookout were answered favorable to the defendant.

The insufficient evidence points require us to read the entire record. The question of whether the answers to the jury's verdict are against the great weight and preponderance of the evidence, requires us to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial, if we thus conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. This we must do regardless of whether the record contains some "evidence of probative force" in support of the verdict. The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

The defendant testified that he entered Highway 59 a block or two east of the O'Neill vehicle. He was travelling west. He testified that he was travelling in the outside or north traveled lane of the highway and that he did not move into the

parking lane at any time. His testimony was that his headlights were on low beam and functioning properly. The defendant testified that he was travelling about thirty miles per hour. On cross-examination he admitted that he might have increased his speed a mile or two or as much as five miles per hour. Although he did not testify positively that he was exceeding thirty miles per hour, he stated that "maybe I was going one to five miles an hour in excess of thirty miles per hour."

The defendant testified unequivocally that he was driving carefully, paying attention and looking down the road but did not see plaintiffs' vehicle. He testified that just before the collision occurred, somebody hollered at him from the service station to his right, where he used to work; that he responded by looking in that direction, and that by the time he returned his gaze to the road ahead, plaintiffs' vehicle was directly in front of him. He testified that he immediately applied his brakes, attempted to turn his vehicle to the left, but the right hand portion of his vehicle struck the left rear portion of plaintiffs' vehicle. It was undisputed that the plaintiffs-appellants sustained personal injuries and damages. No one testified adversely to the defendant as to the primary acts of negligence and proximate cause.

The case was submitted to the jury on special issues. The jury found that the defendant was not driving his vehicle at a greater rate of speed than a person using ordinary care would have driven; that the defendant did not fail to keep a proper lookout; that there was not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead; that the defendant's vehicle was equipped with lower beam headlamps so aimed and of sufficient intensity as to reveal persons and vehicles at least 100 feet ahead upon a straight, level and unlighted highway under normal atmospheric conditions; that the defendant was not operating his vehicle in a portion of that part of the highway designated as a parking lane; that the plaintiff, Maria V. O'Neill stopped her vehicle on the main traveled part of the highway at a time when it would have appeared practical to a person using ordinary care to stop the vehicle off the main-traveled part of the highway; and that such conduct was a proximate cause of the occurrence in question; that the plaintiff, Maria V. O'Neill, stopped her vehicle on the main-traveled part of the highway without a red light on the vehicle visible from a distance of 500 feet to the rear, and that was a proximate cause of the occurrence in question. The jury awarded zero damages to Mrs. O'Neill, zero damages to Mrs. Vidaurri, and found that the reasonable expenses for necessary medical and hospital care received by Mrs. O'Neill in the past for treatment for her injuries resulting from the occurrence in question were $146.00 and for Mrs. Vidaurri $141.00. A take-nothing judgment was entered on the verdict.

■ The mere occurrence of a rear end collision does not constitute negligence as a matter of law, nor is any particular act of negligence attributable to a driver who drives into the rear of another vehicle as a matter of law. See Dillon v. Moore, 367 S.W.2d 70 (Tex.Civ.App.—Dallas 1963, n.w.h.); Shiflett v. Bennett Printing Co., 330 S.W.2d 220 (Tex.Civ.App.—Waco 1959, n.w.h.). Specific acts of negligence must be proved and they must have been a proximate cause of the occurrence in question in order for the other party to recover. 65 C.J.S. Negligence § 104, citing Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957) and Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951). Here the defendant testified that he was keeping a proper lookout. His attention was diverted apparently by the natural reaction to somebody calling out his name. The jury was warranted in finding that there was no negligence on the part of the defendant under the circumstances. Clearly such evidence does not preponderate against the jury verdict

so as to cause a reversal. There was no evidence that such diversion was a proximate cause of the collision in question. The same reasoning is apparent from the record as to speed. The jury determined that the defendant was not driving at a greater rate of speed than a person using ordinary care would have driven under the same or similar circumstances. There was no evidence that the driving of the vehicle at one to five miles an hour faster than the speed limit was the proximate cause of appellants' damages and injuries.

The jury is the sole judge of the facts and the circumstances proven. They may draw reasonable inferences and deductions from the evidence adduced before them. Insofar as there may be conflicts in the testimony of the witnesses, it is clear that the jury in the exercise of its prerogative, determines the credibility of the witnesses and the weight to be given their testimony. With all of the applicable principles of law in mind and after balancing the substantial evidence that supports the verdict against such evidence as is against the verdict, we do not find that the great weight and preponderance of the evidence requires a reversal of this case. Gulf, Colorado & Santa Fe Railway Company v. Deen, 158 Tex. 466, 312 S.W.2d 933 (1958); Couch v. Hale, 404 S.W.2d 920 (Tex.Civ. App.—Corpus Christi 1966).

Insofar as appellant O'Neill complains of the jury's finding of no damages for pain and suffering, there is no reversible error here in view of the findings by the jury of contributory negligence on her part, which was the proximate cause of the occurrence in question. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (Tex.Comm'n App.1939); Milburn v. Blum, 302 S.W.2d 671 (Tex.Civ. App.—Eastland 1957, n.w.h.). Since the defendant was exonerated of any negligence which might have been the proximate cause of the occurrence in question, it was also harmless error for the jury to have determined that there were no dam-

ages for past or future pain and suffering or loss of earning capacity on behalf of the passenger, appellant Vidaurri. Garza v. San Antonio Transit Co., 180 S.W.2d 1006 (Tex.Civ.App.—San Antonio 1944, ref'd w.o.m.); Jones v. State Fair of Texas, 127 S.W.2d 948 (Tex.Civ.App.—Amarillo 1939, dism'd judg.corr.); Bates v. Barclay, 484 S.W.2d 955 (Tex.Civ.App.—Beaumont 1972, n.r.e.); Robinson v. Crump, 422 S. W.2d 536 (Tex.Civ.App.—Houston (14th Dist.) 1967, n.r.e., 427 S.W.2d 861).

Appellants' next series of points of error complain of jury misconduct. After the charge of the court had been handed to the jury and the jury had retired, the foreman sent a note to the trial judge which stated:

"If we set money damages resulting from this occurrence does this mean we are setting blame?"

The trial judge correctly answered the note by responding:

"Members of the Jury: You are to consider the issues concerning damages independently of the other issues."

No reversible error is apparent.

The appellants' motion for new trial which complains of jury misconduct, was not sworn to. There were no affidavits attached to the motion and there was no reason stated in the motion for new trial why the affidavits were not attached. The Commission of Appeals in Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644, opinion adopted by the Supreme Court, stated:

"'The only remedy against "fishing expeditions" where misconduct is charged, is to require that, by affidavits, the movant shall prove his good faith, and, by particularizing, demonstrate that his allegations of misconduct are based upon knowledge and not suspicion or hope.' Freedman Packing Co. et al v. Harris, Tex.Civ.App., 160 S.W.2d 130, 134, error dismissed, want of merit."

In absence of the affidavits or a reasonable excuse for not exhibiting the same, or a reasonable explanation or excuse as to why the affidavits could not be secured, it is a matter within the sound discretion of the trial court to determine if jury misconduct occurred. Roy Jones Lumber Co., supra, at page 646; Allan v. Materials Transportation Company, 372 S.W.2d 744 (Tex.Civ.App.—Corpus Christi 1963). We have read the record in its entirety and we do not find that the trial court abused its discretion in failing to grant a new trial.

All of appellants' points of error have been considered and they are overruled.

Judgment of the trial court is affirmed.