Robert F. HARDBERGER and Melissa Hardberger, Appellants,

v.

Daniel E. O'DELL, Appellee.

No. 12474.

Court of Civil Appeals of Texas, Austin.

Dec. 15, 1976.

Paul Andrew Mireles, Hardberger, Branton & Herrera, Inc., San Antonio, for appellants.

Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

PHILLIPS, Chief Justice.

This suit involves a rear-end collision between two automobiles, one, a Ford Pinto, driven by appellant Melissa Hardberger, and the other driven by appellee, Daniel O'Dell. Melissa's father, Robert F. Hardberger, is also an appellant as the car Melissa was driving at the time of the accident belonged to him.

While Melissa was stopped in the left-hand lane of an intersection waiting to make a left turn after the oncoming traffic had cleared, appellee rear-ended her vehicle injuring her and damaging the automobile she was driving.

Appellant pleaded as specific acts of negligence, appellee's failure to keep a proper lookout, failure to timely apply his brakes, excessive speed under existing conditions, failure to bring his vehicle to a stop before he collided into the rear of appellant's car, failure to have his vehicle under proper control by not turning his vehicle to the right or left in an attempt to avoid the collision, and following too closely.

When appellants rested, appellee moved for an instructed verdict on the basis that there was no evidence to support the submission of any issues as to appellee's negligence.

The court granted appellee's motion for an instructed verdict and entered a take-nothing judgment. We reverse the judgment of the trial court and remand the case for trial.

Appellants' point of error is that the trial court erred in instructing the verdict because there was sufficient probative evidence to support the submission of issues of negligence, proximate cause and damages to the jury. We agree.

In determining whether the district court erred in instructing the verdict, the testimony must be considered in the light most favorable to the losing party. Conflicts in the testimony must be disregarded, and every intendment reasonably deducible from the evidence must be indulged in favor of such party and against the verdict.

**524**

*Anglin v. Cisco Mortgage Loan Company,* 135 Tex. 188, 141 S.W.2d 935 (1940).

At the time Miss Hardberger was rear-ended, it was a dark and misty night, and the rear blinker light of her automobile was on as she waited to make the turn. She had also checked her rearview mirror to assure her safe stop. There is also evidence of injury to Miss Hardberger and damage to the car she was driving and to appellee's car.

A question of fact as to the existence of negligence is usually presented when one motor vehicle overtakes and strikes one in front of it going in the same direction. The collision itself is some evidence of negligence on the part of the driver who strikes a preceding car from the rear. *Renshaw v. Countess,* 289 S.W.2d 621 (Tex.Civ.App.1956, no writ); *Miller v. Wagoner,* 356 S.W.2d 363 (Tex.Civ.App.1962, no writ); *Boddy v. Canteau,* 441 S.W.2d 906 (Tex.Civ.App.1969, writ ref. n. r. e.). Also see 2 Blashfield, *Automobile Law and Practice* § 113.12 (3rd Ed. 1965). We are aware that several cases[1] make the statement that a rear-end accident in itself is not proof of negligence; however, each of these cases can be distinguished under its own peculiar facts.

Viewing the evidence most favorable to appellant, we are of the opinion that the collision itself was some evidence of appellee's negligence, and, as such, the court erred in instructing the verdict.

We overrule appellee's counterpoint that the trial court was correct in granting appellee an instructed verdict, since appellants only proved an occurrence and have not pleaded the theory of *res ipsa loquitur.* *Res ipsa loquitur* has no application here as the facts of this case indicate evidence of negligence that should have been passed upon by the trier of facts.

We also overrule appellee's counterpoint that the trial court correctly granted appellee an instructed verdict as to appellant Robert F. Hardberger, in that there is no competent evidence of the damages to his vehicle.

Appellants presented testimony of damage to their automobile by the body shop manager of a local Oldsmobile-Cadillac agency. The witness was permitted to testify without objection as to the cost of repairing the automobile to its former state. On cross-examination, the body shop manager conceded that he was not an expert in the repair of Ford Pintos and that his estimation of the damages was a "guesstimate." In our opinion, the witness's statement goes to the credibility and weight of his testimony. His testimony on direct was some evidence of damage to the automobile.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

1. See *Rankin v. Nash-Texas Co.,* 129 Tex. 396, 105 S.W.2d 195 (Tex.Com.App.1937, opinion adopted); *O'Neill v. Craig,* 493 S.W.2d 898 (Tex.Civ.App.1973, writ ref. n. r. e.).