Ramona Conrade FARRIELL, Appellant,

v.

June C. DAVIS, Appellee.

No. 5517.

Court of Civil Appeals of Texas, Eastland.

Sept. 11, 1980.

R. M. Rutledge, Rutledge, Rutledge & Connally, Abilene, for appellant.

R. Paul Boudloche, Law Offices of Stan Carter, Wichita Falls, for appellee.

McCLOUD, Chief Justice.

June C. Davis sued Ramona Conrade Farriell alleging that she was injured when an automobile driven by Farriell struck the rear of a pickup truck in which plaintiff was a passenger. The jury found that the defendant, Farriell, was negligent in "following too close" and such negligence was a proximate cause of the occurrence. Judgment of $5,457.25 was rendered for plaintiff. Defendant appeals. We reverse and render.

Defendant contends there is no evidence to support the jury's finding that she was "following too close." We agree.

Plaintiff, the only person who testified regarding the collision, stated that while riding as a passenger in a pickup truck in the City of Abilene, she was injured when a vehicle driven by defendant struck the pickup from the rear. The accident occurred on a hot dry afternoon. The pickup was traveling west at about 30 to 35 miles per hour in the inside lane of South First Street which has two west traffic lanes. Plaintiff testified that just as the pickup passed through an intersection, which was controlled by a traffic light, she observed three or four cars stopped in the inside lane waiting for the lead car to make a left turn. Plaintiff testified that the driver of the pickup put his foot on the brake and brought the pickup to a stop "very suddenly." She stated that she did not hear the brakes on the Farriell automobile at any time before the impact. Plaintiff testified that she did not observe defendant's automobile either before or after the collision.

The defendant was in Saudi Arabia at the time of trial. Neither the driver of the pickup nor the investigating officer testified.

The jury found in favor of defendant on the submitted issues of speed, brakes, and lookout.

In passing upon defendant's no evidence point, we have considered only the evidence and inferences supporting the jury findings, and have rejected the evidence and inferences contrary to the findings. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974). We find no evidence that defendant was negligent in "following too close." There is no evidence, either direct or circumstantial, regarding the distance between the pickup and defendant's automobile at any time prior to the collision.

The court in *Rankin v. Nash–Texas Co.*, 129 Tex. 396, 105 S.W.2d 195 (Tex.Com.App. 1937, opinion adopted), a rear–end collision case, held that the plaintiff had failed to prove any of the alleged "several acts" of negligence, and that "(T)he occurrence of an accident, or a collision, is not of itself evidence of negligence." The court of civil appeals in *Rankin*, 73 S.W.2d 680 (Tex.Civ. App.–Dallas 1934), *aff'd in part and rev'd in part,* supra, had stated that a rear–end "collision, under ordinary circumstances, furnishes some evidence of negligent acts or omissions on the part of the driver of the trailing vehicle." We think it is clear from the opinion of the Commission of Appeals that the Supreme Court did not agree with the above–quoted statement by the court of civil appeals. Nevertheless, the statement has frequently been repeated that the collision itself is some evidence of negligence on the part of the driver who strikes a preceding car from the rear. See *Renshaw v. Countess*, 289 S.W.2d 621 (Tex.Civ.App.– Fort Worth 1956, no writ); *Miller v. Wagoner*, 356 S.W.2d 363 (Tex.Civ.App.–Austin 1962, no writ); *Meinen v. Mercer*, 390 S.W.2d 36 (Tex.Civ.App.–Corpus Christi 1965, writ ref'd n.r.e.); *Hardberger v. O'Dell*, 544 S.W.2d 522 (Tex.Civ.App.–Austin 1976, no writ); *Vandyke v. Austin Independent School District*, 547 S.W.2d 354 (Tex.Civ.App.–Austin 1977, no writ).

■ Negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. *Boddy v. Canteau*, 441 S.W.2d 906 (Tex.Civ. App.–San Antonio 1969, writ ref'd n.r.e.). However, specific acts of negligence must be proved. *O'Neil v. Craig*, 493 S.W.2d 898 (Tex.Civ.App.–Corpus Christi 1973), *cert. denied*, 415 U.S. 919, 94 S.Ct. 1418, 39 L.Ed.2d 474 (1975).

We hold that the occurrence of the collision in the instant case is not of itself evidence of negligence, and there is no other evidence, either direct or circumstantial, that defendant was negligent in "following too close."

The judgment of the trial court is reversed, and judgment is rendered that plaintiff take nothing.