Robert Walter KRALIK, Appellant,

v.

Robert MARTIN, et al., Appellee.

No. 13–82–148–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 15, 1983.

Rehearing Denied Oct. 20, 1983
(Overruled).

William H. Keys, Victor M. Carrera, Keys, Russell & Seaman, Corpus Christi, for appellant.

Robert J. Patterson, Russell H. McMains, Edwards & Perry, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This action arose out of a tragic automobile accident which occurred on January 17, 1981, in Duval County. A car driven by appellant's decedent, Jo Prince Hamlett, crossed the highway center stripe and collided with a pickup truck which had pulled over on the shoulder of its side of the road. Ms. Hamlett and her passenger, Herlinda Joyce Martin (appellees' decedent), died as a result of injuries they sustained in the accident. Appellees filed suit on behalf of the estate of Ms. Martin to recover for her personal injuries, and, individually, to recover wrongful death and survivors' damages. Appellant was sued in his capacity as executor of the estate of Ms. Hamlett.

The trial court, sitting without a jury, found appellant's decedent, the driver of the car, guilty of negligence proximately causing the appellees' damages and entered judgment in favor of appellees.

Appellees pled, generally, that appellant's deceased "committed acts of omission and commission all of which collectively and severally constituted negligence." After the case was submitted to the trial court, but before rendition of judgment, appellees were allowed a trial amendment which alleged violations of the highway safety statute, constituting negligence per se. Appellant argues that appellees waived the negligence per se theory by failing to plead it before trial or seeking a trial amendment prior to submission of the case. He also claims that the trial court abused his discretion in allowing the plaintiffs to amend their pleadings after the trial.

Our review of the trial court's findings convinces us that the trial court's judgment for plaintiffs is properly supported on both negligence and negligence per se. The trial court's findings in regard to Hamlett's conduct were as follows:

"1. That, at the time and place of the occurrence in question, Jo Prince Hamlett failed to operate her vehicle solely on the right half of the roadway.

2. That, at the time and place of the occurrence in question, Jo Prince Hamlett operated her vehicle outside her lane of traffic when it was unsafe to do so.

3. That, at the time and place of the occurrence in question, Jo Prince Hamlett was negligent in the operation of her vehicle.

4. That the negligent conduct of Jo Prince Hamlett was a proximate cause of the death of Herlinda Joyce Martin."

Findings three and four clearly support a judgment on ordinary negligence as pled in plaintiffs' original petition. Alternatively, findings one and two are couched substantially in the language of the Traffic Code, Tex.Rev.Civ.Stat.Ann. art. 6701d §§ 52, 60 and 61 (Vernon 1977). Those findings will support the basis of negligence per se. The facts, constituting a statutory violation of the Texas traffic laws, were developed by counsel for plaintiffs in his opening statement and introduced and further developed by both parties throughout the trial. The record shows that appellant did not object to plaintiffs' counsel's opening argument setting out factual allegations of negligence per se, nor did he object to any evidence introduced relat-

ing to the statutory violation. In addition, appellant failed to except to or specifically object to the lack of pleadings before the judgment was signed, as required by Tex.R. Civ.P., 90 and 91. The matters concerning negligence per se were effectively tried by consent by the parties. We hold that the appellant has waived any complaint regarding deficiencies in plaintiffs' pleadings. *Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 637 (Tex.1982). Appellant has the burden to either object or apprise the court of any alleged prejudice or surprise to satisfy the court that the allowance of an amendment to the pleadings to comply with the evidence presented will prejudice him in maintaining its defense on the merits. There appears to be no such showing and no showing of an abuse of discretion. See *Hartford Accident & Indemnity Company v. Thurmond,* 527 S.W.2d 180, 191 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.). We overrule points of error one through four.

In the remainder of his points, appellant challenges the legal and factual sufficiency of the evidence to support the trial court's findings of negligence and proximate cause. In addition, appellant contends that the evidence establishes as a matter of law the defense of "unavoidable accident." In review of these points, we follow the familiar rules of decisions laid out by Justice Calvert and long adhered to by the courts of this state. R. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361 (1960); *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

It is undisputed that appellant's decedent's vehicle did cross the center stripe of the highway. It collided with the pick-up on the shoulder where its driver had pulled over and stopped, or nearly stopped in an effort to avoid the collision. The road was wet at the time of the accident. The driver of the pickup said it was cold, but not icy. She testified that the Hamlett car was the only vehicle coming in the opposite direction at the time. She could see no reason for Hamlett to drive on the wrong side of the road and run into her. She stated that she had been driving about 45 m.p.h. when she spotted the Hamlett car weaving into her lane. She heard no warning horn or brake sounds prior to the collision.

The investigating highway patrol officer testified that the lane in which appellant's decedent had been traveling was unobstructed. There appeared nothing other than the wet conditions to cause her to operate the vehicle on the wrong side of the road. He stated that it had sleeted or snowed in Duval County earlier that day. The officer testified that he found no skid marks as evidence of any sudden application of brakes.

■ We have reviewed all of the record and find that the evidence presented and the reasonable inferences therefrom sufficiently support the trial court's findings of both negligence per se and negligence on the part of appellant's decedent which were a proximate cause of the collision and of the appellees' damages.

There was testimony to the fact that the vehicle driven by the appellant's decedent was weaving from side to side and, perhaps, spinning on the highway prior to the collision. There was no evidence on how fast appellant's decedent was traveling at the time of the accident. There was no evidence on the issue of whether appellant's decedent applied, failed to apply or misapplied her brakes. Appellant argues that, from these facts, plus the wet conditions, he has established as a matter of law the defense of "unavoidable accident." See *Dallas Railway & Terminal Company v. Bailey,* 151 Tex. 359, 250 S.W.2d 379, 385 (1952). We disagree.

■ Evidence of wet pavement and skidding may be sufficient to raise an issue of "unavoidable accident," *Dallas Railway & Terminal Co. v. Bailey,* supra; *Salazar v. Hill,* 551 S.W.2d 518, 520 (Tex.Civ.App.— Corpus Christi 1977, writ ref'd n.r.e.), but it is not conclusive.

■ In order for appellant to be relieved of liability as a matter of law on the negligence per se aspect of this case, appellant

must adduce some competent evidence of a legally acceptable excuse as defined most clearly in *Impson v. Structural Metals, Inc.,* 487 S.W.2d 694, 699 (Tex.1972). The evidence in this record does not conclusively establish an emergency situation not due to the actor's own misconduct or an event not proximately caused by the negligence of any party to it. At most, there may be some evidence of an "unexplained loss of control." *Moughon v. Wolf,* 576 S.W.2d 603, 606 (Tex.1978). In the absence of some evidence of legally acceptable excuse, the trial court correctly rejected this defense.

We have considered all of appellant's points of error, and they are overruled.

The judgment of the trial court is affirmed.