**Rosario SAENZ, Individually and for and on Behalf of those Persons entitled to recovery for Wrongful Death of Ismael SAENZ, Deceased, Appellant,**

v.

**Frank W. STARRY, Individually and d/b/a Starry Trucking Company, Appellee.**

No. 13–88–214–CV.

Court of Appeals of Texas, Corpus Christi.

June 29, 1989.

Rehearing Denied Aug. 31, 1989.

Homero C. Canales, Alice, for appellant.

Michael S. Lee, Mary E. Taylor, Porter, Rogers, Dahlman, Gordon & Lee, Corpus Christi, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

The trial court granted a motion for instructed verdict for the defendant in a suit brought under Texas' Wrongful Death and Survival statutes. By a sole point of error, appellant argues that the trial court erred in granting the instructed verdict, claiming that the evidence and inferences were sufficient to go to the jury. We reverse and remand.

Appellant's husband, Ismael Saenz, was killed on May 7, 1985, when the truck he drove for Whitley Trucking Co. collided head-on with a truck Noe Galvan drove for Frank W. Starry, d/b/a Starry Trucking Co. It was uncontested that Galvan was headed north and Saenz was headed south on Highway 281. There were no eyewitnesses to the collision. Most witnesses mentioned fog. Both drivers were pronounced dead at the scene.

Appellant's petition alleges that Galvan was negligent in one or more respects, including failure to turn his vehicle to the right in an effort to avoid the collision, failure to maintain his vehicle in the proper right-hand lane, and failure to operate the vehicle wholly in the northbound traffic lane, and that this proximately caused Saenz's death. In response to the motion for directed verdict, appellant's attorney argued that the evidence that the point of impact was in the southbound lane and that Galvan turned left rather than right was sufficient to go to the jury.

■ In reviewing a directed verdict, we must determine whether any evidence of probative force raises fact issues on the material questions presented. *Qantel Business Systems, Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 304 (Tex.1988); *Sullivan v. Methodist Hospitals*, 699 S.W.2d 265, 274 (Tex.App.—Corpus Christi, 1985), *writ ref'd n.r.e.*, 714 S.W.2d 302 (Tex.1986). The trial court cannot refuse to submit an issue merely because an affirmative finding would be against the great weight and preponderance of the evidence. *Sullivan*, 699 S.W.2d at 274. We view the evidence in the light most favorable to the party against whom the verdict was rendered and disregard all contrary evidence and inferences. *Qantel Business Systems*, 761 S.W.2d at 303; *C.S.R., Inc. v. Industrial Mechanical, Inc.*, 698 S.W.2d 213, 216 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

■ Specifically, appellant claims that particular testimony of Jose Guzman, a DPS trooper, in which he concluded from his investigation that the point of impact was on the southbound lane, could have been used by the jurors to conclude that appellee's vehicle veered into Saenz's lane at the time of the collision and that this action was negligence and was a proximate cause of the collision. Guzman investigated the same morning of the collision.

Appellee argues that no evidence suggests that its vehicle was in an improper lane, but that its two accident reconstruction experts, Jerry Wallingford and Charles Ruble, agreed that Saenz's truck was traveling in the wrong lane just before impact. Ruble, who investigated two days after the collision, concluded that Saenz's vehicle was moving south in the northbound lane prior to impact, and that both drivers reacted by going to the southbound lane. Ruble also testified that about nine feet of improved shoulder was on each side of the road. Wallingford was contacted over a week after the collision. While Wallingford's analysis is more difficult to follow in the transcript, as he was demonstrating with a model, he concluded that Saenz's vehicle was in the wrong lane before impact, and that there was no improper driving by Galvan. He agreed with the attorney's statement that Saenz's vehicle's traveling in an improper lane "caused the Galvan truck to go into the southbound lane."

Both of appellee's experts worked partly from photographs which were in evidence. The jury could draw its own conclusions and was not bound by the experts' opinions. The jury could have concluded that appellee's driver should have veered to his right, onto the shoulder to avoid the collision, and that his apparent choice to veer left, was negligent and proximately caused the collision.

Appellee cites *McKnight v. Hill & Hill Exterminators, Inc.*, 689 S.W.2d 206, 209 (Tex.1985) as an example of legal insufficiency of evidence. In that case, the plaintiff's expert, who had not made a personal inspection, testified that he did not know and could not determine from photographs whether there was any recent live subterranean termite activity in the home. The Court held that this testimony raised no more than a suspicion or surmise that all of the damage occurred after a certain date. *Id.* In our case, however, the witness did make a determination of the point of impact, and the jury was entitled to consider it. We sustain appellant's point.

■ Appellee claims that appellant waived error for improper briefing. Contrary to appellee's characterization, we find the brief contains citations both to the record and to legal authority. Moreover, we do not rule based on briefing inadequacies without allowing an opportunity to rebrief. *See Inpetco, Inc. v. Texas American Bank/Houston*, 729 S.W.2d 300 (Tex. 1987).

By cross-point, appellee urges us to sanction appellant for bringing a frivolous appeal under Tex.R.App.P. 84. As we have sustained appellant's point, the appeal is not frivolous. We overrule appellee's cross-point. We REVERSE the trial court's judgment and REMAND the cause.

KENNEDY, Justice, dissenting.

I dissent. The majority concedes that the only evidence which favors the appellant's theory of recovery is the testimony of Trooper Guzman that the point of collision was in the south bound (appellant's) lane. The same trooper also concluded from his total investigation that appellant's truck was in the wrong lane immediately before the collision.

The issue before this court is whether the testimony of Trooper Guzman constitutes evidence of sufficient probative force to allow reasonable minds to infer negligence on the part of appellee's driver.

An instructed verdict is proper when the evidence fails to raise an issue of fact as to one or more fact propositions which must be established for the opponent to be entitled to judgment. *Ottis v. Haas*, 569 S.W.2d 508, 512 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). To avoid an instructed verdict, appellant is required to introduce evidence on specific elements of his cause of action so as to raise a fact issue on those elements. *Rodriguez v. Reeves*, 730 S.W.2d 19, 21 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). Here, through a wrongful death action, appellant attempted to establish negligence.

Specific acts of negligence must be proved. *O'Neill v. Craig*, 493 S.W.2d 898, 901 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.), *cert. denied*, 415 U.S. 919, 94 S.Ct. 1418, 39 L.Ed.2d 474 (1975). Negligence is never presumed; the mere happening of an accident is no evidence at all of negligence. *Wells v. Texas Pacific Coal & Oil Co.*, 140 Tex. 2, 164 S.W.2d 660, 662 (1942). Further, the occurrence of a collision is not of itself evidence of negligence. *Farriell v. Davis*, 606 S.W.2d 344, 346 (Tex.Civ.App.—Eastland 1980, no writ).

In a landmark case, the Supreme Court held, "it is the duty of the trial court to instruct a verdict, though there be slight testimony, if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of a fact sought to be established." *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059, 1063 (1898).

In the case before us, the testimony of Trooper Guzman concerning the point of impact amounts to less than a scintilla of evidence in support of appellant's claim of negligence; it is the legal equivalent of no evidence. *Cf. Kralik v. Martin*, 659 S.W.2d 136 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) (where sufficient evidence was presented regarding road conditions and the decedent's manner of driving immediately preceeding the accident). The majority would hold that the jury is free to conclude negligence from the point of impact. I cannot agree with such a holding.

When viewing the evidence in the light most favorable to a denial of appellee's motion for instructed verdict, I find no

error in the trial court's ruling. The judgment should be affirmed.

I concur with the majority in its denial of sanctions against appellant in favor of appellee.