No. 21031.

LOUISE SCHOEN *v.* BOULDER STAGE LINES, INC., ET AL.
(412 P.2d 905)

Decided April 11, 1966.

Ryan, Sayre, Martin and Brotzman, for plaintiff in error.

Sheldon and Nordmark, Richard C. McLean, for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.

The parties will be referred to as they appeared in the trial court where plaintiff in error was plaintiff and defendants in error were defendants.

Plaintiff brought the action to recover damages which resulted from personal injuries allegedly sustained by her while she was a passenger in a taxicab operated by Campbell, a driver employed by the defendant Boulder Stage Lines, Inc. Her complaint contained the following allegation, *inter alia:*

"2. That, on October 20, 1960, at or near the hour of 4:30 o'clock P.M., and near the intersection of 10th Street and College Avenue in the City of Boulder, Colorado, plaintiff having paid the required fare to defendant corporation for her transportation, entered into a taxicab, owned and operated by said defendant, stated to the driver and agent of said defendant corporation that she wanted to go to her residence at 2032 Columbine, Boulder, Colorado, and having taken a seat in said taxicab, which was driven by said driver and agent partially across the City of Boulder when said driver negligently, carelessly and without regard for the safety of the plain-

tiff, and without warning, brought the taxicab to a sudden and violent stop, which caused plaintiff to be thrown in and about the interior of said taxicab, all of which was the direct and proximate result of the negligent and careless operation of said taxicab by the said driver thereof; and all of which was the direct and proximate cause of the hereinafter described serious, disabling and permanent injuries sustained by the plaintiff."

The defendants in their answer admitted that the plaintiff was a passenger in one of its taxicabs at the time mentioned in the complaint, but denied any negligence on the part of the driver of the cab, and also denied that the plaintiff sustained damages as a result of any conduct of defendant Campbell. Affirmatively it was alleged by the defendants that "injuries and damages, if any, of which the plaintiff complains were the result of an unavoidable accident." It was also alleged in the answer that the injuries, if any, of which the plaintiff complains were "proximately caused by her own sole or contributory negligence"; and that the "sudden stop" of which plaintiff complains "was but a normal incident inherent in metropolitan traffic, the risk of which is assumed by all vehicle passengers including the plaintiff."

Upon trial to a jury a verdict was returned in favor of the defendants, and judgment entered on the verdict. Plaintiff seeks reversal of the judgment by writ of error and relies on several points among which are included the following:

"I. The trial court erred in submitting Instruction No. 4 on contributory negligence to the jury, as there was no evidentiary basis for a contributory negligence instruction.

"II. Instruction No. 10 on unavoidable accident should not have been submitted to the jury, as the case at bar falls far short of meeting the minimal standard for application of the doctrine of unavoidable accident by every test or criterion established by the court."

The plaintiff was a large woman (weighing about 186 pounds), aged 68 years, and she used a cane in walking, following an accident in 1956 in which she sustained a broken hip. She was using the cane on the day of the incident upon which she bases her claim.

■■ We have read the entire transcript of the evidence and we can find nothing therein which warranted the submission to the jury of any instruction on the issue of contributory negligence of the plaintiff. *Ankeny v. Talbot,* 126 Colo. 313, 250 P.2d 1019. We also hold that even under the law as it existed prior to the announcement of this court's opinion in *Lewis v. Buckskin Joe's, Inc.,* 156 Colo. 46, 396 P.2d 933, (in which it was held that an instruction on "unavoidable accident" should not thereafter be given in any case) there was error in giving an instruction on unavoidable accident under the circumstances shown by the record in this case. The instant case was tried before our announcement in the case above mentioned. Nevertheless the "unavoidable accident" doctrine was formerly applicable in a limited area, and was restricted in its application to a particular type of case. *Piper v. Mayer,* 145 Colo. 391, 360 P.2d 433; *Jacobsen v. McGinness,* 135 Colo. 357, 311 P.2d 696; and *McBride v. Woods,* 124 Colo. 384, 238 P.2d 183. In the *Jacobsen* case, *supra,* we find the following pertinent language:

"The instruction on unavoidable accident given by the trial court was erroneous, it tended not only to divert the minds of the jurors from the decisive issues of negligence and contributory negligence, but suggested that under the evidence the parties might be held blameless for reasons other than their freedom from negligence or contributory negligence. * * *"

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE FRANTZ and MR. JUSTICE SCHAUER concur.