Mary Jane WOOTEN, Administratrix of the Estate of Larry Dale Wooten, Appellant,

v.

William E. LEGATE and Jessie C. Mullins, Appellees.

William E. LEGATE and Mary Jane Wooten, etc., Appellants,

v.

Jessie C. MULLINS, Appellee.

Court of Appeals of Kentucky.

Nov. 8, 1974.

Rehearing Denied Feb. 7, 1975.

James B. Brien, Jr., Neely, Reed & Brien, Mayfield, for Mary Jane Wooten.

William H. Parham, Mayfield, for Jessie C. Mullins.

Richard Weisenberger, Hubbard, Weisenberger & Null, Mayfield, Gary Houston, Walker, Threlkeld & Whitlow, Paducah, for William E. Legate.

CATINNA, Commissioner.

Mary Jane Wooten, administratrix of the estate of Larry Dale Wooten, deceased, and William Legate appeal from a judgment entered pursuant to a verdict of a jury which found that the accident resulting in the death of Larry Dale Wooten was unavoidable. Upon appeal it is insisted that it was prejudicial error for the court to instruct the jury on "unavoidable accident."

Larry Dale Wooten was killed while riding in a Volkswagen bus owned and operated by William E. Legate when the bus collided with a horse belonging to Jessie C. Mullins. The administratrix sued Legate and Mullins, while Legate cross-claimed against Mullins for injuries sustained by him.

While there are many claimed errors advanced by the parties, the most serious of these concerns the giving of the unavoidable-accident instruction.

This court has, upon prior occasions, expressed its serious doubts as to the propriety of the giving of an unavoidable-accident instruction in automobile-collision cases. Sloan v. Iverson, Ky., 385 S.W.2d 178 (1964). The so-called unavoidable-accident instruction serves no purpose other than to provide an easy route for a jury in its effort to dispose of what in many cases may be a complicated negligence question. After all, that which is unavoidable means only that the person charged is without negligence. The usual instructions concerning negligence of the parties very adequately serve the purpose of negating negligence on the part of one or all of the parties where justified by the evidence. The unavoidable-accident instruction gives undue emphasis to the evidence of the party seeking to avoid liability by denying acts of negligence. We are of the opinion that the giving of an unavoidable-accident instruction in an automobile collision case constitutes reversible error. Cf. Harris v. Thompson, Ky., 497 S.W.2d 422 (1973).

See House, Adm'r v. Kellerman, Ky., 519 S.W.2d 380, decided today, in which this court has strictly limited instructions on the theory of superseding cause.

As we reverse solely upon the question of the propriety of the giving of the unavoidable-accident instruction, we do not pass upon any of the other claimed errors asserted by the parties to these appeals.

The judgment is reversed upon the appeals of Wooten and Legate and the case remanded for further action in conformity with this opinion.

All concur.