MELISSA P. COOK, *etc., et al.,*

*v.*

WANDA C. HARRIS, *as Executrix,*

*etc., et al., and*

ANDY KURUCZ, JR.

(No. 13571)

Decided June 15, 1976.

*James E. McNeer, McWhorter, McNeer, Highland & McMunn,* for appellant Kurucz, Jr.

*Talbott, Hill & Luff, Caton N. Hill, Jr., Wilson, Frame & Rowe, Clark B. Frame* for appellees.

WILSON, JUSTICE:

In this action to recover damages for personal injuries arising out of an automobile collision which occurred on January 10, 1970, on U. S. Route No. 250 in Barbour County, we affirm the action of the trial court in setting aside a jury verdict in favor of both defendants and in granting a new trial to the plaintiffs.

This appeal was sought and obtained by Andy Kurucz, Jr., one of the defendants. He contends that the issue of negligence under the evidence was properly one for jury determination, that the jury resolved that issue in favor of the defendants, and more particularly the defendant-appellant Kurucz, and that, therefore, the trial court erred in setting the jury verdict aside and granting the plaintiffs a new trial.

At the time of this accident, the infant plaintiff, Melissa P. Cook, was a passenger in an automobile owned by Frederick W. Harris and driven by Debra Kay Harris, his daughter, and was riding in the front seat between the driver and another passenger, Pamela Sue Bartlett. They were proceeding in a northerly direction on a comparatively straight and level section of highway at a speed variously estimated at between 40 and 55 miles per hour.

It was approximately 10:00 p.m.; the weather was clear but cold; the highway, 22 feet in width, was clear except for some spots of ice; but the berms extending for several feet on either side of the highway were covered with snow as a result of the highway having been cleared at an earlier time.

The defendant Kurucz, accompanied by Douglas Edward Sinsel, was also driving in a northerly direction when car trouble developed causing his automobile to lose power or stall and come to a stop. The testimony on behalf of the defendant Kurucz was that he and Sinsel endeavored to push the automobile onto the easterly berm but were unable to get it completely off the highway because of the snow which was on the berm. Flash-

lights were obtained by Sinsel and the defendant Kurucz, and while Sinsel looked under the hood of the automobile in an attempt to determine what had caused the car to stop, Kurucz apparently stood by the driver's door with a flashlight for the purpose of warning oncoming vehicles.

Within a few minutes of the time that the Kurucz automobile stopped, another automobile being driven in a southerly direction by William Scott McCoy pulled off onto the westerly berm of the highway opposite the Kurucz automobile, and McCoy offered assistance.

The defendant Harris testified that she first saw the red tail lights of the Kurucz automobile when she was not more than six car lengths away from it, and that she immediately applied her brakes but could not stop before she struck the left rear portion of the Kurucz automobile. The evidence is undisputed that at the point of impact the Kurucz automobile was approximately 3 to 4 feet east of the center line thus clearly establishing that the rear of the Kurucz automobile was entirely on the travelled portion of the highway.

Melissa Cook, Debra Kay Harris and Pamela Sue Bartlette testified that they did not see anyone signalling with a flashlight as they were approaching the scene of the accident.

Following the impact with the Kurucz automobile, the automobile in which the plaintiff was riding veered across the highway and struck the McCoy automobile.

The infant plaintiff and her father instituted this action to recover damages from Kurucz and Harris for injuries suffered by the infant plaintiff and expenses incurred as a consequence thereof, and the jury found in favor of both defendants.

In support of its contention that the trial judge erred in setting aside the jury verdict, Kurucz cites numerous cases which, although not similar factually to the instant case, stand for the generally recognized proposi-

tions that when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, it is the peculiar province of the jury to determine questions of negligence and contributory negligence; that in determining whether the verdict of a jury is supported by the evidence every reasonable and legitimate interference fairly arising from the evidence in favor of the party for whom the verdict was returned must be considered; and that those facts which the jury might properly find under the evidence must be assumed as true. *See, Young v. Ross*, W. Va., 202 S.E.2d 622 (1974); *Skeen v. C & G Corporation*, 155 W. Va. 547, 185 S.E.2d 493 (1971); *Fitzwater v. Spangler*, 150 W. Va. 474, 147 S.E.2d 294 (1966); *Nesbitt v. Flaccus*, 149 W. Va. 65, 138 S.E.2d 859 (1964); *Yuncke v. Welker*, 128 W. Va. 299, 36 S.E.2d 410 (1945); and *Swindell v. Harper*, 51 W. Va. 381, 41 S.E. 117 (1902).

In arriving at our decision in this case, we do not ignore or being into question the validity of the principles of law on which the appellant here relies.

It is our view, however, that the issue in this case is more properly governed by the principles which were so clearly enunciated in *Young v. Duffield*, 152 W. Va. 283, 162 S.E.2d 285 (1968), in which this Court recognized that when a trial court sets aside a verdict and awards a new trial, that judgment is entitled to peculiar weight, will not be disturbed on appeal unless plainly unwarranted, and is more likely to be affirmed than when the action of the trial court results in a final judgment denying a new trial.

In that case, it was made clear that although the jury is unquestionably the trier of the facts, the trial judge is not merely a referee but is vested with discretion in supervising verdicts and preventing miscarriages of justice; not only has the power to set a verdict aside but indeed has a duty to set it aside if it is plainly wrong even if it is supported by some of the evidence; and to that extent, it must be recognized that the trial judge

also has the power and the duty to pass upon the weight of the evidence.

In the case here under consideration, the plaintiff was a passenger who was injured in a collision which, under the evidence, she surely did not cause. The jury, by its verdict, declared that neither of the defendants caused the accident. Apparently, at the trial below, there was no serious contention that the accident was caused by the negligence of any third party. This, then, would seem to indicate that the jury entertained some view that the collision occurred when both defendants were in the exercise of reasonable care and that the accident was in some way either unavoidable or produced by some factor not disclosed in the evidence.

The distinguished trial judge was unquestionably aware of the fact that the law does not look kindly upon the concept of unavoidable accident in negligence cases. Indeed, this Court has specifically stated that instructions on the subject of unavoidable accident are generally regarded with disfavor and should ordinarily be refused. *Edwards v. Lynch*, 154 W. Va. 388, 396, 175, S.E.2d 632, 637 (1970). Although in *Bolling v. Clay*, 150 W. Va. 249, 144 S.E.2d 682 (1965), this Court used the language that "the injuries resulted from an unavoidable accident", the Court actually found that the drivers who were involved were each misled by the unusual operation of a traffic signal over which they had no control and upon which they were entitled to rely so that the conclusion was that a jury could have found that each of the drivers, under the peculiar circumstances of that case, were in the exercise of due care. The proximate cause of the accident was a factor of a mechanical nature outside the control of either of the drivers.

In *Hollen v. Linger*, 151 W. Va. 255, 151 S.E.2d 330 (1966), this Court quoted with apparent approval from 7 Am. Jur. 2d *Automobiles and Highway Traffic* §350, language to the effect that, unless there is evidence tending to prove that the accident resulted from some cause

other than the negligence of one of the parties, there is no issue of unavoidable or inevitable accident raised.

The facts and circumstances of the instant case are such that the trial court was compelled to conclude that the occurrence of the accident could only be explained in terms of the negligence of one or both of the defendants, there being no other cause which could be determined from the evidence.

At all times, the trial court clearly indicated that it was of the opinion that the matters which were presented were clearly for jury determination. However, from the jury's determination that neither defendant was at fault, the court was faced with a verdict which defied logic and the evidence.

Consequently, the trial court, in order to prevent a miscarriage of justice, had no reasonable alternative other than to set the verdict aside and to award a new trial.

In this connection, the propriety of the court's action at the time it ruled on the plaintiffs' motion is in no way affected by the fact that only the defendant Kurucz sought and obtained this appeal.[1]

We cannot consider this case merely on the basis of whether there was sufficient evidence to justify a jury verdict in favor of the appealing defendant alone. That was not the issue before the court below and that is not the issue here.

For the reasons hereinabove set forth, it is our opinion that the action of the trial court in setting aside the verdict in favor of the defendants and in awarding a new trial to the plaintiffs should be and it is affirmed.

*Affirmed.*

---

[1] The record shows that the defendant Harris settled with the plaintiffs subsequent to the trial court's action in setting the verdict aside and awarding a new trial to the plaintiffs.