**FOLEY'S DEPARTMENT STORE et al., Appellants,**

v.

**James GARDNER, Appellee.**

**No. A2052.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 15, 1979.

628

Michael Phillips, Susan E. Crowley, Law Offices of Boswall, O'Toole, Davis & Pickering, Houston, for appellants.

Dale Friend, James E. Robinson, Law Offices of Kronzer, Abraham & Watkins, Houston, for appellee.

Before MILLER, PAUL PRESSLER and SALAZAR, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a jury award of $40,901.40 in damages to James Gardner (appellee) for injuries sustained while loading merchandise from Foley's (appellant) Warehouse dock onto a trailer. Appellee alleged at trial that the ramp was placed improperly between the dock and his employer's trailer causing it to fall when he walked across it.

Eighteen points of error are raised by appellants. The first six points concern the presence and sufficiency of the evidence for Special Issues 1 and 2. Points seven and eight allege that there is a comment on the evidence in the wording of Special Issues 1(b) and 2(b). Points nine through twelve allege that the jury erred in not finding negligence on the part of the appellee in

answer to Special Issue number 5. Points thirteen and fourteen contend that the refusal of the trial court to submit certain issues and a definition of "unavoidable accident" was error. Points fifteen through eighteen allege that the damage issues are not supported by the evidence.

Points one, two, three, four, five, six, nine, ten, eleven, twelve, fifteen, sixteen, seventeen and eighteen concern the sufficiency of the evidence. The record gives ample evidence upon which the jury could have reasonably made the determination which it did, and they are, therefore, overruled. In such cases, the appellate court has no right to substitute its judgment for that of the jury to resolve factual disputes. *Neuhaus v. Kain*, 557 S.W.2d 125 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *Bradwell v. Anderson*, 325 S.W.2d 929 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.).

In points seven and eight appellants contend that the phrase "considering the distance separating the trailer from the dock" contained in Issues 1(b) and 2(b) made it appear that the trial court was pointing out to the jury that there was something unusual about the distance.

To constitute a comment on the weight of the evidence, the special issue must be worded so as to indicate an opinion by the trial judge as to the verity of the fact inquired about.

*Metal Structures Corporation v. Plains Textiles, Inc.*, 470 S.W.2d 93, 102 (Tex.Civ.App. —Amarillo 1971, writ ref'd n. r. e.). The wording of Special Issues 1(b) and 2(b) is not a comment on the weight of the evidence under this definition, and, therefore, appellants' seventh and eighth points of error are overruled.

Appellants' points thirteen and fourteen contend that the refusal of the trial court to submit certain special issues along with a definition of unavoidable accident constituted reversible error. The trial court refused to submit appellants' requested special issues which inquired whether, at the time of the incident made the basis of this suit, appellee failed to follow instructions given to him to stay out of the way,

and whether such failure, if any, was negligence and a proximate cause of the incident. The trial court also refused to submit appellants' requested definition of unavoidable accident as being an event not proximately caused by the negligence of any party involved.

Three issues of contributory negligence as to appellee were submitted to the jury. The jury failed to find that appellee was negligent either in his lockout, in his failure to inspect the ramp in question, or his attempting to push the crate loaded with marble while standing on the ramp. The trial record contains no evidence that appellee was in anyone's way at the time he was injured. The trial court correctly excluded this proposed set of issues.

The Texas Supreme Court has stated that unavoidable accident is raised when evidence is presented to show that some non-human condition such as fog, wet pavement, or obstructions to vision is involved. *Yarborough v. Berner,* 467 S.W.2d 188 (Tex. Sup.1971); Hodges, *Special Issue Submission in Texas,* sec. 19 (1959). Appellants presented no evidence of the presence of any non-human condition at the time of appellee's injury. Appellant's thirteenth and fourteenth points of error are overruled. The judgment of the trial court is, therefore, affirmed.