359 S.E.2d 611

**Wallace Lee HUNTER and Jean Hunter**

v.

**Daniel Lee JOHNSON.**

**No. 17198.**

Supreme Court of Appeals of West Virginia.

July 22, 1987.

Charles M. Walker, Reed & Walker, Charleston, for appellants.

Charles E. Pettry, Jr., Goodwin, Pettry & Horter, Charleston, for appellee.

MILLER, Justice:

In this appeal from the Circuit Court of Kanawha County, we must determine whether an unavoidable accident instruction should be given in a negligence case. We conclude it should not.

Wallace Lee and Jean Hunter, husband and wife, brought suit for personal injuries and loss of consortium arising from a motor vehicle accident which occurred on July 17, 1980, at the intersection of 35th Street and MacCorkle Avenue in Charleston. At the location of the collision, 35th Street has four lanes of traffic. The plaintiff was sitting in his 1978 pickup truck in the third lane at a red traffic light waiting to cross MacCorkle Avenue. His vehicle was struck from behind by the defendant who was operating a 1970 Ford one-and-a-half-ton dump truck.

The defendant testified that he applied his brakes and down shifted his gears as he came off the 35th Street bridge. When he noticed the truck was not slowing, he braked again, put the truck in the lowest gear, turned the ignition off, and pulled the emergency brake. He indicated that he was going between three and five miles per hour when he struck the plaintiff's truck and another van sitting at the traffic light.

He claimed that he had done everything he could to stop his truck before the collision. He stated that prior to the accident,

he had had no problems with his brakes and that as far as he knew the brakes were in good condition. After the collision occurred, the defendant examined the brakes and found that the brake line had broken, causing brake fluid to leak making the brakes ineffective.

At the defendant's request and over the plaintiffs' objection, the trial court gave an unavoidable accident instruction.[1] The jury returned a verdict in favor of the defendant.

■ We have repeatedly warned against the giving of an unavoidable accident instruction in a negligence case. In *Edward v. Lynch*, 154 W.Va. 388, 396, 175 S.E.2d 632, 637 (1970), we said "that instructions of this character are quite generally regarded with disfavor, and, as a general rule, should be refused, particularly in actions based on negligence."

In Syllabus Point 9 of *Kesner v. Trenton*, 158 W.Va. 997, 216 S.E.2d 880, 86 A.L.R.3d 1009 (1975), we stated our distaste more forcibly: "It is prejudicial error to charge a jury on the theory of unavoidable accident where actionable negligence of the alleged tort-feasor is supported by the evidence." Subsequently, in Syllabus Point 2 of *Cook v. Harris*, 159 W.Va. 641, 225 S.E.2d 676 (1976), we said: "The law does not look kindly on the concept of unavoidable accident in negligence cases."[2]

We utilized Syllabus Point 9 of *Kesner* in *White v. Lock*, 175 W.Va. 227, 332 S.E.2d 240 (1985), and reversed a defense verdict because an unavoidable accident instruction had been given. More significantly in *White*, we noted that many jurisdictions had abandoned unavoidable accident instructions because they are misleading, and concluded:

"The confusion derives from the injection into the trial of an unnecessary issue. If the defendant acted without negligence, then she would not be liable, and there would be no need for the jury to decide the question of unavoidability. The instruction may mislead the jury into thinking that unavoidability is 'a separate ground of nonliability' apart from the absence of negligence or proximate cause. *Butigan v. Yellow Cab Co.*, *supra* 320 P.2d at 505." *White*, 175 W.Va. 232 at n. *, 332 S.E.2d at 245 n. *.

This case aptly illustrates the problem with permitting unavoidable accident instructions. The defendant's claim of a sudden brake failure does not constitute an unavoidable accident. In *Spurlin v. Nardo*, 145 W.Va. 408, 415, 114 S.E.2d 913, 918 (1960), we spoke to the question of the sudden failure of brakes on an automobile and stated: "The fact that the foot brake did not function properly and was inadequate to control the movements of the car was a violation of the statute and constitutes *prima facie* negligence, which also should have been submitted to the jury. See Code, 17C–15–31, as amended, and Code, 17C–16–1, as amended."

We went on to point out in *Spurlin* that if the brakes had been in otherwise good order, this might absolve the defendant, "[h]owever, this entire matter is a question for jury determination." 145 W.Va. at 415, 114 S.E.2d at 918. We also found that the doctrine of sudden emergency came into play on the question of whether the defendant had taken steps to control the vehicle once the brakes failed. These negligence issues should not be confused or obscured by an unavoidable accident instruction which, in effect, enables a jury to avoid

---

1. The instruction stated:
   "The Court instructs the jury that the law recognizes that accidents may occur without negligence on the part of any party involved, and that persons may receive injuries as a result thereof. Such accidents are known as unavoidable accidents.
   "An unavoidable accident is an occurrence or happening as, under all the attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury

by any of the parties concerned. In other words, where there is no evidence that the operator of a motor vehicle was negligent in any way, or that he could have anticipated the resulting accident, the accident is deemed to have been an unavoidable one for which no recovery may be had."

2. Syllabus Point 2 of *Cook* is not contained in the South Eastern Reporter, *Second Series*, but the language appears at 159 W.Va. at 645, 225 S.E.2d at 679.

analyzing the issues in favor of finding an unavoidable accident.

The Oregon Supreme Court in *Fenton v. Aleshire*, 238 Or. 24, 35, 393 P.2d 217, 222 (1964), in abolishing the unavoidable accident rule observed that it is frequently invoked in sudden emergency cases, but that an instruction on sudden emergency "is all that is needed fully to protect the rights of the defendant."

Much the same problem is encountered on the foreseeability issue where it is clear that a defendant is entitled to an instruction that if the event causing the accident was not foreseeable, then he is not liable. In *Keller v. Wonn*, 140 W.Va. 860, 87 S.E.2d 453 (1955), we dealt with the question of whether the defendant executor of a deceased driver was liable for injuries to a plaintiff. The deceased driver collapsed while driving and his car ran onto an adjacent sidewalk injuring the plaintiff. We settled the law in Syllabus Points 1 and 2 and no reference to an unavoidable accident was made in the case:

"1. Where the driver of a motor vehicle suddenly becomes mentally or physically incapacitated, such sudden illness being unforeseen and unanticipatable, the driver is not answerable in damages to parties injured thereby.

"2. The burden of showing that damages, occasioned by the alleged negligent operation of a motor vehicle, were the result of an unforeseeable and unanticipatable sudden mental or physical incapacity, rests upon the defendant."

*See also* Annot., 93 A.L.R.3d 326 (1979).

Despite the admonitions in our prior cases, it appears that unavoidable accident instructions are still being used in negligence cases. There is little question they are confusing and are designed to forestall any reasoned analysis of the negligence, foreseeability, and proximate cause issues which are the critical ingredients of most negligence cases. There is an increasing trend by courts which have analyzed the problem to conclude that the harm they engender far outweighs their usefulness. *E.g., Alaska Brick Co. v. McCoy*, 400 P.2d 454 (Alaska 1965); *City of Phoenix v.*

*Camfield*, 97 Ariz. 316, 400 P.2d 115 (1965); *Oklahoma Tire and Supply Co. v. Bass*, 240 Ark. 496, 401 S.W.2d 35 (1966); *Butigan v. Yellow Cab Co.*, 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1 (1958); *Lewis v. Buckskin Joe's, Inc.*, 156 Colo. 46, 396 P.2d 933 (1964); *Andrews v. Forness*, 272 A.2d 672 (D.C.App.1971); *Schaub v. Linehan*, 92 Idaho 332, 442 P.2d 742 (1968); *Miller v. Alvey*, 246 Ind. 560, 207 N.E.2d 633 (1965); *Koll v. Manatt's Trans. Co.*, 253 N.W.2d 265 (Iowa 1977); *Sloan v. Iverson*, 385 S.W.2d 178 (Ky.1964); *Graham v. Rolandson*, 150 Mont. 270, 435 P.2d 263 (1967); *Schmidt v. Johnson*, 184 Neb. 643, 171 N.W.2d 64 (1969); *Dyer v. Herb Prout & Co. Inc.*, 126 N.H. 763, 498 A.2d 715 (1985); *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973); *Fenton v. Aleshire, supra; Camaras v. Moran*, 100 R.I. 717, 219 A.2d 487 (1966). In view of this trend and for the reasons previously given, we conclude that an unavoidable accident instruction should not be given in a negligence case.

■ Even under our existing law, which disfavored the use of such an instruction, it was not warranted in this case. Under the principles set out in Syllabus Point 1 of *Spurlin v. Nardo, supra*, there was *prima facie* negligence: "A violation of the statute dealing with adequate brakes on a motor vehicle constitutes *prima facie* negligence." Furthermore, under Syllabus Point 9 of *Kesner, supra*, it is prejudicial error to charge a jury on the theory of unavoidable accident where there is evidence of the defendant's negligence.

For the foregoing reasons, we reverse the judgment of the Circuit Court of Kanawha County and remand this case for a new trial.

*Reversed and Remanded.*