Thelma **REINHART** & Sallye
Treme, Petitioners,

v.

William Carl **YOUNG**, Respondent.

No. 94–0734.

Supreme Court of Texas.

Argued Jan. 18, 1995.

Decided June 15, 1995.

Rex Easley, Victoria, for petitioners.

Clifford J. Vacek and Jeffrey Lee Hoffman, Houston, for respondent.

Chief Justice PHILLIPS delivered the opinion of the Court, joined by Justice GONZALEZ and Justice SPECTOR.

Justice HECHT delivered a concurring opinion, joined by Justice OWEN.

Justice ENOCH delivered a concurring opinion.

Justice HIGHTOWER delivered a dissenting opinion, joined by Justice CORNYN and Justice GAMMAGE.

The issue we address is whether the trial court committed reversible error by including an instruction regarding the doctrine of unavoidable accident in its charge to the jury. Because we hold that the trial court's

error, if any, was harmless, we affirm the judgment of the court of appeals. 874 S.W.2d 773.

## I.

Sallye Treme was driving her car on Highway 59 near Houston at about fifty miles per hour during the morning of March 17, 1989. The weather was good, and traffic was generally light. After Treme drove over an overpass, she came to an abrupt stop when a car cutting across the highway caused the traffic in front of her to halt. About four seconds later, a pickup truck driven by William Carl Young crashed into the rear end of Treme's car, allegedly injuring her and a passenger, Thelma Reinhart.

Alleging common-law negligence, Treme and Reinhart sued Young. In his First Amended Original Answer, Young asserted, *inter alia*, that the collision "was an unavoidable accident," and that "he was confronted by an emergency arising suddenly and unexpectedly which was not proximately caused by any negligence on his part and ... required immediate action without time for deliberation and that he used ordinary care after such emergency arose."

The parties disagreed about the exact location of the accident. Treme claimed that the collision occurred away from the overpass, close to a bridge that crosses Highway 59. Young testified that he was traveling about one-eighth to one-fourth of a mile behind Treme and contended that the collision took place on the crest of the overpass.

Based solely on its conclusion that the incline or elevation of the overpass constituted a non-human event which proximately caused the accident, the trial court submitted an instruction to the jury in the charge of the court concerning the doctrine of unavoidable accident. The instruction stated: "An occurrence may be an 'unavoidable accident,' that is, an event not proximately caused by the

negligence of any party to it." After the jury unanimously found that he was not negligent in rear-ending the automobile carrying Treme and Reinhart, the trial court rendered judgment in Young's favor. A divided court of appeals affirmed, holding that the instruction was proper because the overpass constituted an obstruction of view. 874 S.W.2d at 774.

## II.

■ An unavoidable accident is "an event not proximately caused by the negligence of any party to it." *Dallas Ry. & Terminal Co. v. Bailey*, 151 Tex. 359, 250 S.W.2d 379, 385 (1952). The only purpose of the instruction is to ensure that the jury will understand that "they do not necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of." *Yarborough v. Berner*, 467 S.W.2d 188, 192 (Tex.1971). The instruction is most often used to inquire about the causal effect of some physical condition or circumstance such as fog, snow, sleet, wet or slick pavement, or obstruction of view, or to resolve a case involving a very young child who is legally incapable of negligence. *Hill v. Winn Dixie Texas, Inc.*, 849 S.W.2d 802 (Tex.1992). Here, for example, Young argues that an obstruction of view caused the accident.

Just two terms ago, we noted that, except in certain types of cases, "courts should refrain from submitting an unavoidable accident instruction ... due to the risk that the jury will be misled or confused by the perception that the instruction represents a separate issue distinct from general principles of negligence." *Id.* at 803 (citing KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 29 at 163–64 (5th ed. 1984)). We are not alone in this concern. At least eighteen of our sister states, agreeing that the instruction confuses and misleads the jury, have prohibited its use in negligence cases.[1] Ten

---

1. *See Alaska Brick Co. v. McCoy*, 400 P.2d 454, 456 (Alaska 1965); *City of Phoenix v. Camfield*, 97 Ariz. 316, 400 P.2d 115, 120–21 (1965); *Butigan v. Yellow Cab Co.*, 49 Cal.2d 652, 320 P.2d 500, 505 (1958); *Lewis v. Buckskin Joe's, Inc.*, 156 Colo. 46, 396 P.2d 933, 941–42 (1964); *Tolbert v. Duckworth*, 262 Ga. 622, 423 S.E.2d 229, 230 (1992); *Schaub v. Linehan*, 92 Idaho 332,

442 P.2d 742, 744–46 (1968); *White v. Evansville Am. Legion Home Ass'n*, 247 Ind. 69, 210 N.E.2d 845, 846 (1965); *Koll v. Manatt's Transp. Co.*, 253 N.W.2d 265, 269 (Iowa 1977); *George v. Guerette*, 306 A.2d 138, 144 (Me.1973); *Stover v. Patrick*, 459 S.W.2d 393, 396 (Mo.1970); *Graham v. Rolandson*, 150 Mont. 270, 435 P.2d 263, 273 (1967); *Dyer v. Herb Prout & Co.*, 126 N.H.

other jurisdictions have severely limited the circumstances under which trial courts may instruct juries regarding unavoidable accident.[2] And among the states that still retain the instruction, many courts have expressed concerns about its applicability in routine negligence cases.[3] We share these reservations.

### III.

Nevertheless, we did not in *Hill* reverse the judgment of the court of appeals since we concluded, based on the record as a whole, that the error was harmless. 849 S.W.2d at 803–04. We find nothing in the record before us today to suggest a different result.

■ Error in the jury charge is reversible only if, in the light of the entire record, it was reasonably calculated to and probably did cause the rendition of an improper judgment. *See* TEX.R.APP.P. 81(b)(1). No evidence in this case even remotely suggests that the unavoidable accident instruction in

any way caused the case to be decided differently than it would have been without it.

■ First, Young introduced ample evidence at trial to support the jury's failure to find him negligent. Tony Pullings, Jr., the Texas Department of Public Safety officer who investigated the accident, agreed with Young's attorney that "by looking at the length of the skid marks [from Young's car], it was pretty obvious ... that ... Young was not exceeding the speed limit when he applied his brakes." Furthermore, Treme herself testified that she did not notice Young following her too closely, nor did she hear his tires squeal prior to the collision. This was not a close case, where a superfluous instruction would be more likely to influence the jury improperly. *See Hukill v. H.E.B. Food Stores, Inc.,* 756 S.W.2d 840, 844 (Tex.App.—Corpus Christi 1988, no writ). To the contrary, it was a case in which the defendant produced strong evidence and secured a unanimous jury verdict of no liability. *See*

763, 498 A.2d 715, 717 (1985); *Vespe v. Di Marco,* 43 N.J. 430, 204 A.2d 874, 880–82 (1964); *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778, 780–81 (1973); *Fenton v. Aleshire,* 238 Or. 24, 393 P.2d 217, 220 (1964); *Camaras v. Moran,* 100 R.I. 717, 219 A.2d 487, 489 (1966); *Randle v. Allen,* 862 P.2d 1329, 1335 (1993); *Hunter v. Johnson,* 178 W.Va. 383, 359 S.E.2d 611, 613 (1987).

**2.** *See Houston v. Adams,* 239 Ark. 346, 389 S.W.2d 872, 875 (1965) (holding that instruction should only be used in the most exceptional circumstances such as an unanticipated heart attack); *Sadorus v. Wood,* 230 A.2d 478, 481 (D.C.1967) ("[W]hile we are not prepared to rule that the unavoidable accident instruction shall not be applied in any case ... we are impressed by the logic of those cases recognizing the prejudice inherent to the plaintiff when the instruction is given...."); *Guanzon v. Kalamau,* 48 Haw. 330, 402 P.2d 289, 297 (1965) (prohibiting instruction except under extraordinary circumstances such as mechanical failure due to a latent defect); *Wooten v. Legate,* 519 S.W.2d 385, 386 (Ky.1974) (eliminating use of instruction in automobile collision cases); *Holten v. Parker,* 302 Minn. 167, 224 N.W.2d 139, 143 (1974) ("[W]e have not precluded the giving of [an unavoidable accident instruction] ... although we reiterate that the utmost caution is to be exercised in the use of this instruction."); *Kale v. Daugherty,* 8 N.C.App. 417, 174 S.E.2d 846, 849 (1970) (noting proper instructions on negligence, burden of proof and proximate cause will usually render unavoidable accident instruction unnecessary);

*Athey v. Bingham,* 823 P.2d 347, 350 (Okla.1991) (noting that in most negligence cases the instruction "clearly should not be given"); *Howard v. Sanborn,* 483 N.W.2d 796, 799 (S.D.1992) (holding that instruction was intended to have restricted use and is not recommended); *Whitaker v. Harmon,* 879 S.W.2d 865, 870 (Tenn.Ct.App. 1994) (noting that an adequate instruction on negligence alone is sufficient in all but the most unusual circumstances); *Galbraith v. Fleming,* 245 Va. 173, 427 S.E.2d 187, 189 (1993) (holding that it is rarely permissible to give the instruction in automobile cases).

**3.** *See Chambers v. Culver,* 289 Ala. 724, 272 So.2d 236, 237 (1973) (noting that the better practice is to refuse to give unavoidable accident charge); *Tomczuk v. Alvarez,* 184 Conn. 182, 439 A.2d 935, 940 (1981) (holding that use of charge is within discretion of trial judge but expressing strong disapproval of charge and noting that it serves no useful purpose and confuses and distracts jury); *Kline v. Emmele,* 204 Kan. 629, 465 P.2d 970, 972 (1970) (noting that the trend has been to disapprove unavoidable accident instructions because negligence, burden of proof and proximate cause have already been properly defined in the instructions); *Lober v. Sklar,* 357 Mich. 166, 97 N.W.2d 617, 619 (1959) (noting that in most negligence cases the instruction is a false and immaterial issue); *Wanner v. Getter,* 466 N.W.2d 833, 838 (N.D.1991) (holding that it was not reversible error for trial judge to refuse to give instruction since proximate cause and negligence instructions render it superfluous and confusing).

*Acord v. General Motors Corp.*, 669 S.W.2d 111, 116 (Tex.1984).

Second, and even more important, the charge contained an instruction concerning the doctrine of sudden emergency. That instruction stated:

When a person is confronted by an "emergency" arising suddenly and unexpectedly, which was not proximately caused by negligence on his part and which, to a reasonable person, requires immediate action without time for deliberation, his conduct in such an emergency is not negligence or failure to use ordinary care if, after such emergency arises, he acts as a person of ordinary prudence would have acted under the same or similar circumstances.

Plaintiffs made no objection whatsoever to this instruction, even though it reiterates much of the unavoidable accident instruction. *See* KEETON ET AL., *supra*, § 29 at 162 n. 1 ("The unavoidable accident doctrine logically subsumes the narrower ... [doctrine] of ... sudden emergency."). It is difficult to attribute an improper verdict, if any, to the unavoidable accident instruction when the charge also included without objection this instruction regarding sudden emergency.

Finally, nothing suggests that the jury in any way based its verdict on the unavoidable accident instruction. None of the witnesses referred to this term in their testimony. Furthermore, Young's attorney made little mention of it in his closing argument. In thirty minutes and fifty-three transcribed pages of argument, his only comment to the jury regarding the instruction was that Young "couldn't see ... [Treme's car] until he got ... on top of the hill, and there she was. And that makes it an unavoidable accident." By contrast, he spoke at much greater length about the doctrine of sudden emergency. After reading to the jurors the entire definition of a sudden emergency as stated in the charge, Young's attorney urged them

to think about that particular definition when you are in there during your deliberations. If you will recall Mrs. Treme's testimony that she was stopped in the fast lane of the freeway in response to something that had happened ahead of her. And, folks, in light traffic on the freeway

that is [a] ... sudden [and] unexpected event that Mr. Young came upon. And we're going to talk more about that, but I want you to keep that definition in mind.

Returning from briefly addressing other issues, he again implored the jury that Young had faced a sudden emergency, stating: "Folks, I think that this case meets the definition that the court gave you of a sudden emergency. Mrs. Treme either stopped or going real slow in the fast lane of traffic created a sudden emergency for Mr. Young."

In light of the statement of facts and the instruction regarding sudden emergency, we fail to see how the unavoidable accident instruction could have confused or misled the jury. Moreover, this case was tried months before *Hill* on a charge whose elements had, at the time, never been questioned by this Court. The trial court committed no error which would justify a reversal under our well-settled principles of harmful error. Accordingly, we affirm the judgment of the court of appeals.

Justice HECHT, joined by Justice OWEN, concurring.

I agree, for the reasons expressed by CHIEF JUSTICE PHILLIPS in his plurality opinion, that it was not reasonably calculated to and probably did not cause the rendition of an improper judgment in this case for the trial court to instruct the jury that "[a]n occurrence may be an 'unavoidable accident,' that is, an event not proximately caused by the negligence of any party to it". I do not, however, share his reservations about the propriety of the instruction in cases in which it has long been used.

An unavoidable accident is defined as "an event not proximately caused by the negligence of any party to it." *Dallas Ry. & Terminal Co. v. Bailey*, 151 Tex. 359, 250 S.W.2d 379, 385 (1952); *see* 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 3.04 (1987). "The issue of unavoidable accident is raised when there is evidence tending to prove that the injury resulted from some cause other than the negligence of the parties." *Orange & N.W. R.R. v. Harris*, 127 Tex. 13, 89 S.W.2d 973, 975 (1936). When

Texas courts permitted submission of separate jury questions to which an affirmative answer would negate liability—called "inferential rebuttal issues"—it was reversible error to refuse to inquire of the jury whether an accident was unavoidable if there was evidence that it was. *Id.; Galveston, H. & S.A. Ry. v. Washington*, 94 Tex. 510, 63 S.W. 534, 537–538 (1901).

Fifty years ago the unavoidable accident instruction was already entrenched in Texas jurisprudence. In *Hicks v. Brown*, 151 S.W.2d 790, 793 (Tex.1941), we wrote:

> The rule is now too well settled in this court to be longer regarded as open to question that, where the evidence raises an issue that a plaintiff's injuries were the result of an unavoidable accident, the defendant has the right under his pleading of a general denial to have such issue separately submitted to the jury in such manner as to cast upon the plaintiff the burden of proving that his injuries were not the result of such accident.

The purpose of the instruction, we have explained, "is to call the matter to the attention of the jury, so that it will not be overlooked, and so that the jury will understand that they do not necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of." *Wheeler v. Glazer*, 137 Tex. 341, 153 S.W.2d 449, 452 (1941).

When Texas departed from its special issue practice of submitting granulated issues to the jury and adopted a broader form of jury submission, we continued to hold that a party is entitled to have the jury told about unavoidable accident when the evidence raises the issue, although the method was by instruction rather than by issue. *Compare Yarborough v. Berner*, 467 S.W.2d 188, 191 (Tex.1971) (instruction) *with Dixie Motor Coach Corp. v. Galvan*, 126 Tex. 109, 86 S.W.2d 633, 634 (1935) (issue). The instruction, like its predecessor issue, is often referred to as being in the nature of an "inferential rebuttal". *Select Ins. Co. v. Boucher*, 561 S.W.2d 474, 477 (Tex.1978). In *Lemos v. Montez*, 680 S.W.2d 798, 800–801 (Tex.1984), we criticized the embellishment of jury charges with unnecessary instructions that

tended to nudge the jury one way or another. Even in that context, however, we reaffirmed the use of an unavoidable accident instruction.

As recently as two terms ago this Court reaffirmed the propriety of the unavoidable accident instruction in certain cases. *Hill v. Winn Dixie Texas, Inc.*, 849 S.W.2d 802, 803 (Tex.1992). We explained:

> An unavoidable accident instruction is proper only when there is evidence that the event was proximately caused by a nonhuman condition and not by the negligence of any party to the event. . . . The instruction is ordinarily given in cases involving environmental conditions such as fog, snow, sleet, wet or slick pavement, or obstruction of view. . . . The instruction may also be proper when there is evidence indicating that a very young child, legally incapable of negligence, was the only human cause of the accident. . . . When there is no evidence that the accident was caused by some such peculiar circumstance, submission of the instruction is generally improper. . . . Courts should refrain from submitting an unavoidable accident instruction in other circumstances due to the risk that the jury will be misled or confused by the perception that the instruction represents a separate issue distinct from general principles of negligence. . . .

(Citations omitted.) The present case, involving an alleged obstruction of view, is one situation in which *Hill* specifically approved the use of the instruction.

Some courts have criticized the instruction, as CHIEF JUSTICE PHILLIPS cites. But it is still used in a majority of states, at least in car wreck cases like this one. George L. Blum, Annotation, *Instructions on "Unavoidable Accident," "Mere Accident," or the Like, in Motor Vehicle Cases—Modern Cases*, 21 A.L.R.5th 82, 105 (1994) ("The majority of courts still recognize that it is permissible for a trial judge to instruct juries in motor vehicle collision cases on the doctrine of unavoidable accident, mere accident or the like. . . ."). Continued use of the instruction is justified. One universally regarded com-

mentary, not itself entirely enamored with the instruction, has acknowledged:

> Probably a majority of jurisdictions still permit the instruction in appropriate cases, however, and the instruction is still stoutly defended as helpful in focusing the issues in proper cases. Neither the unavoidable accident doctrine nor instructions thereon should be expected to wither away completely any time soon because of the notion's underlying logical simplicity and because such instructions, properly applied, may usefully serve to translate the arcane words and concepts of the law into a common sense perspective of everyday life and experience that jurors can readily understand.

W. PAGE KEETON ET AL., PROSSER & KEETON ON THE LAW OF TORTS § 29, at 164 (5th ed. 1984) (footnotes omitted).

Concern that the instruction may mislead and confuse the jury is completely unfounded. The absolute truth, of course, is that some accidents *are* unavoidable. How the jury may become confused from being told the truth is not clear. There is no concrete evidence to suggest that such confusion actually occurs, and if there were, I would share Justice Peeples' observation in *Perez v. Weingarten Realty Investors*, 881 S.W.2d 490, 498 (Tex.App.—San Antonio 1994, writ denied) (Peeples, J., concurring):

> If juries are not intellectually capable of understanding an inferential rebuttal instruction, we need to ask whether we have overestimated their capacity for exercising the vast power we have given them in deciding the controlling issues.

Witnesses and lawyers can tell the jury all they like about an accident being unavoidable and no one fears that the jury will be confused or misled. It is not clear why the idea is confusing or misleading only when the court mentions it.

Nor is the instruction redundant merely because it negatives plaintiff's case. This Court met and refuted this argument ninety-four years ago in *Washington:*

> It is claimed by counsel for appellee [the plaintiff] that the defense [of unavoidable accident] was covered by the general charge of the court in which the jury were instructed: "The burden of proof is upon the plaintiff to prove by a preponderance of the evidence each material allegation in his petition upon which he relies for recovery; and if the jury believe, from the evidence, that the plaintiff has failed to prove by a preponderance any one or more of the allegations of his petition, upon all such issues they will find for the defendant." In its general charge the court stated to the jury that the issues presented on the part of the plaintiff were that his injury was occasioned by the negligence of the defendant, specifying particularly the acts of negligence which produced the injury, and that the defendant pleaded a general denial and contributory negligence on the part of the injured boy. *We must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it; and, so regarding it, we are of opinion that a jury might not have understood that the general denial made the issue of unavoidable accident, or that the injury had occurred in a manner not alleged and claimed by the plaintiff, neither of which issues was expressed in the charge of the court.* While it is true that the general terms in which the court's charge is expressed would, as matter of law, include [unavoidable accident], ... it is not to be supposed that the jury considered an issue not developed by the charge of the court.

63 S.W. at 538 (emphasis added). What we said ninety-four years ago is no less true today. While it is possible to deduce from standard instructions on ordinary care, negligence and proximate cause that some accidents are no one's fault, a party is entitled to have that fact pointed out to a jury, untrained in the law. It bears repeating: "it is not to be supposed that the jury considered an issue not developed by the charge of the court." *Id.*

This Court has approved of other inferential rebuttal instructions in numerous cases. *E.g., Dresser Indus., Inc. v. Lee*, 880 S.W.2d 750, 754–755 (Tex.1993) (sole proximate cause); *Scott v. Atchison, T. & S.F. Ry.*, 572 S.W.2d 273, 279 (Tex.1978) (act of God); *McDonald Transit, Inc. v. Moore*, 565 S.W.2d

43, 45 (Tex.1978) (sudden emergency); *Davila v. Sanders*, 557 S.W.2d 770, 771 (Tex.1977) (per curiam) (sudden emergency); *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 90–91 (Tex.1973) (sole proximate cause); *Del Bosque v. Heitmann Bering–Cortes Co.*, 474 S.W.2d 450, 452–453 (Tex.1971) (sudden emergency); *Yarborough v. Berner*, 467 S.W.2d 188, 190–191 (Tex.1971) (sudden emergency; unavoidable accident); *Texas Motor Coaches, Inc. v. Palmer*, 132 Tex. 77, 121 S.W.2d 323, 323–324 (1938) (new and independent cause); *Tarry Warehouse & Storage Co. v. Duvall*, 131 Tex. 466, 115 S.W.2d 401, 405 (1938) (new and independent cause); *Young v. Massey*, 128 Tex. 638, 101 S.W.2d 809, 810 (1937) (new and independent cause); *Southland Greyhound Lines, Inc. v. Cotten*, 126 Tex. 596, 91 S.W.2d 326, 327–328 (1936) (new and independent cause); *Orange & N.W. R.R. v. Harris*, 127 Tex. 13, 89 S.W.2d 973, 975 (1936) (new and independent cause; unavoidable accident); *Dixie Motor Coach Corp. v. Galvan*, 126 Tex. 109, 86 S.W.2d 633, 634 (1935) (new and independent cause; sole proximate cause; unavoidable accident); *Phoenix Ref. Co. v. Tips*, 125 Tex. 69, 81 S.W.2d 60, 61–62 (1935) (new and independent cause). Just as we have continued to approve these instructions, an unavoidable accident instruction is equally proper in appropriate cases, like the present one.

The district court did not err in giving the jury an unavoidable accident instruction. Accordingly, I concur in the judgment of the Court.

Justice ENOCH, concurring.

I agree with Chief Justice Phillips' opinion and the judgment of the Court. While I concur that the submission of the unavoidable accident instruction was not harmful error in this case, I write separately to express my view that the instruction should be discarded entirely.

The standard negligence and ordinary care instructions are predicated upon conduct occurring under the "same or similar circumstances." The unavoidable accident instruction, like the sudden emergency instruction, is subsumed in the standard negligence inquiry. *Thomas v. Oldham*, 895 S.W.2d 352 (Tex.1995) (Enoch, J., concurring). At best, these instructions are superfluous distractions that lead the jury away from determining negligence, and at worst, the reiteration of the negligence standard may be perceived by the jury as a subtle hint to find no negligence.

For over twenty years this Court has attempted to simplify jury instructions in the interest of justice. *See Lemos v. Montez*, 680 S.W.2d 798, 801 (Tex.1984) (tracing history of jury charge reform to 1973). It is my hope that in the appropriate case the Court will completely discard this instruction that serves no useful purpose.

Justice HIGHTOWER, joined by Justice CORNYN and Justice GAMMAGE, dissenting.

Because I would abolish the unavoidable accident instruction, which I view as misleading, confusing and unnecessary, I respectfully dissent.

The Court observes that at least eighteen states have determined that the unavoidable accident instruction is never appropriate in a negligence case and that fifteen other states have severely criticized or limited the instruction's use.[1] The Court notes that "it shares [the] reservations" of these jurisdictions yet fails to give litigants any additional guidance regarding the proper application of an instruction which the Court admits may mislead the jury. 906 S.W.2d at 472.

I.

An examination of the unavoidable accident instruction reveals three weaknesses: there are no readily available criteria for determining whether the instruction is appropriate, the instruction may mislead and confuse the jury, and the instruction is redundant.

This Court has given only the most general directions about what conditions make the unavoidable accident instruction appropriate. For example, this Court recently observed

---

1. *See* 906 S.W.2d at 472–73 n. 1–3, *supra.*

that an unavoidable accident instruction is indicated only when there is "affirmative evidence of an extrinsic, unavoidable event" which caused the accident. *Hill v. Winn Dixie Texas, Inc.*, 849 S.W.2d 802, 803 (Tex. 1992). It has been said that the instruction is only considered proper when the event was proximately caused by a non-human condition and not by the negligence of any party to the event. *Yarborough v. Berner,* 467 S.W.2d 188, 190–91 (Tex.1971). Another cause of an unavoidable accident might be an "unexpected catastrophe." *Hicks v. Brown,* 136 Tex. 399, 151 S.W.2d 790, 792 (1941). These ambiguous criteria make it difficult to determine the circumstances which make the instruction appropriate. Indeed, recent cases applying the instruction are in complete disarray and it appears that courts tend to determine the propriety of the instruction more on whim than on principle.[2]

Today's majority opinion fails to clarify for litigants the circumstances under which the instruction is appropriate. I contend that this failure has occurred because no clear criteria *can* be enunciated. Those courts which have attempted to develop guidelines have been reduced to enumerating laundry lists of potential fact scenarios, as this Court does today, or to promulgating vague definitions. For example, in *Cooper v. Pay-N–Save Drugs, Inc.,* 59 Wash.2d 829, 371 P.2d 43, 47 (1962), the Supreme Court of Washington tried to articulate a rule for the proper application of the instruction with the following results:

> An instruction on unavoidable accident is only authorized when the evidence shows or justifies an inference that an unavoidable accident has occurred as that term has been defined. In other words, facts must be present in the case on the issue of

2. *See e.g. Hill,* 849 S.W.2d at 804 (holding that unavoidable accident instruction in cookie slip and fall case was improper, but not reversible error, because it was unclear how cookie got on grocery floor); *but compare Hukill v. H.E.B. Food Stores, Inc.,* 756 S.W.2d 840 (Tex.App.—Corpus Christi 1988, no writ) (holding unavoidable accident instruction in bubble-blowing solution slip and fall case was reversible error even though it was unclear how liquid got on grocery floor).

*Compare Otis Elevator Co. v. Shows,* 822 S.W.2d 59 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (holding instruction improper when four year old was injured by placing hand in escalator handrail guard because child was too young to be capable of negligence) *with Yarborough v. Berner,* 467 S.W.2d 188 (Tex.1971) (holding instruction proper when four year old was injured when he was struck by a car because child was too young to be capable of negligence) *and with Molina v. Payless,* 615 S.W.2d 944 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ) (holding instruction proper when two year old injured by unstable railing because child was too young to be capable of negligence).

*Compare Francis v. Cogdell,* 803 S.W.2d 868 (Tex.App.—Houston [1st Dist.] 1991, no writ) (holding that instruction was proper in rear-end collision case due to rainy, slick road conditions) *with Kralik v. Martin,* 659 S.W.2d 136 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.) (holding that instruction was improper despite wet, cold road conditions, when car crossed highway center stripe and collided with a truck which had pulled onto shoulder), *Clark v. Cotten,* 573 S.W.2d 886 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.) (holding evidence justified instruction when driver of eastbound vehicle hy-

droplaned at 56 mph into westbound vehicle) *and Yap v. ANR Freight Systems,* 789 S.W.2d 424 (Tex.App.—Houston [1st Dist.] 1990, no writ) (holding that instruction was proper when on misty day driver of northbound vehicle crossed over the center line in an attempt to avoid an automobile pulling into its path and struck another northbound driver's vehicle).

*Compare McDonald v. Brennan,* 704 S.W.2d 136 (Tex.App.—El Paso 1986, writ ref'd n.r.e.) (holding instruction proper when plaintiff's car was rear-ended in a race track parking lot because the defendant's brakes failed) *with Hines v. Nelson,* 547 S.W.2d 378 (Tex.Civ.App.—Tyler 1977, no writ) (holding instruction improper in rear-end collision when defendant's brakes failed).

*Compare Foley's Dept. Store v. Gardner,* 588 S.W.2d 627 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) (holding trial court's refusal to give instruction when plaintiff injured by fall from unstable ramp not reversible error because no non-human condition present) *with Rauch v. Patterson,* 832 S.W.2d 57 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (finding instruction improper when repairman fell through stairway of beach house because owner was negligent in not repairing stairs).

*See also Wisenbarger v. Gonzales Warm Springs Hosp.,* 789 S.W.2d 688 (Tex.App.—Corpus Christi 1990, no writ) (holding instruction not reversible error when plaintiff developed severe decubitus ulcer on lower back during hospital stay); *Johnson v. Houston Sports Ass'n.,* 615 S.W.2d 781 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) (holding instruction proper when spectator struck in face by baseball during pregame batting practice did not sit in screened off seats).

unavoidable accident, and unless they are so present it is reversible error to give an instruction on that question.

*See also Galbraith v. Fleming*, 245 Va. 173, 427 S.E.2d 187, 188 (1968) (allowing instruction if "there is a reasonable theory of the evidence under which the parties involved may be held to have exercised due care notwithstanding that the accident occurred"); *Athey v. Bingham*, 823 P.2d 347, 350 (Okla. 1991) (disapproving of instruction "in the absence of a showing of some factor over which the parties had no control or could not have predicted"); *Howard v. Sanborn*, 483 N.W.2d 796, 799 (S.D.1992) (holding that instruction may be used when element of "surprise" is present, such as sudden and unexpected presence of ice) and *Houston v. Adams*, 239 Ark. 346, 389 S.W.2d 872, 875 (1965) (noting that instruction may be appropriate when driver with no prior history of coronary disease suffers a sudden heart attack). Clearly, these cases do little to clarify when the instruction may be properly given.

The confused application of the unavoidable accident instruction results in needless appeals which waste judicial resources. The appellate courts must spend precious hours attempting to divine, for example, whether a hill constituted an "obstruction of view" or whether a cookie's placement on a grocery floor was an "extrinsic unavoidable event." *See e.g. Hill*, 849 S.W.2d at 802–3. Retaining this superfluous instruction does little to guide juries towards the correct analysis of the core concepts of negligence and proximate cause, and, as the Court concedes, may actually confuse and mislead jurors. This Court and the courts of appeal are left with the task, in effect, of micro-managing the charge on a case-by-case basis in an effort to determine whether the precise facts justify the unavoidable accident instruction.

## II.

I would follow those states which have abolished the unavoidable accident instruction. The reasoning of the California Supreme Court in *Butigan v. Yellow Cab Company*, 49 Cal.2d 652, 320 P.2d 500, 504 (1958) is instructive. The California court stated that when the jurors are given an unavoid-

able accident instruction, they may get the erroneous impression that unavoidability is an issue to be decided and that it constitutes a separate ground of the defendant's non-liability if proved. *Id.* 320 P.2d at 504. In fact, observed *Butigan*, the unavoidable accident instruction is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. *Id.*

Echoing these sentiments, the Supreme Court of Georgia chose to repudiate the use of the instruction in all civil cases as unnecessary, misleading, and confusing. *Tolbert v. Duckworth*, 262 Ga. 622, 423 S.E.2d 229, 230 (1992). Unavoidable accident instructions "are designed to forestall any reasoned analysis of the negligence, foreseeability, and proximate cause issues which are the critical ingredients of most negligence cases." *Hunter v. Johnson*, 178 W.Va. 383, 359 S.E.2d 611 (1987). The Supreme Court of Colorado agreed that the instruction diverts jurors from the decisive issues of negligence and suggests to jurors that the parties might be held blameless for reasons other than the absence of negligence. *Lewis v. Buckskin Joe's, Inc.*, 156 Colo. 46, 396 P.2d 933, 942 (1964); *Schoen v. Boulder Stage Lines, Inc.*, 159 Colo. 531, 412 P.2d 905, 906 (1966). The instruction unnecessarily injects a spurious "straw issue" into the case when in fact the sole issue is the presence or absence of negligence proximately causing the accident. *Schaub v. Linehan*, 92 Idaho 332, 442 P.2d 742, 746 (1968). Utah has held that an unavoidable accident instruction should never be given in any case. *Randle v. Allen*, 862 P.2d 1329 (Utah 1993). If a trial court is confronted with an accident in which neither party was negligent, the Utah Supreme Court has suggested that the trial judge may direct a verdict. *Id.* at 1336. Alternatively the jury can apply proper instructions on negligence, proximate cause and the burden of proof and find no liability. *Id.*

Courts have observed that the unavoidable accident instruction tends to overemphasize the defendant's case. *Schaub*, 442 P.2d at 744. In practical effect, when included in the charge of the court to the jury, the instruction is a gift to the defendant—not only

because it is an added "you should find for the defendant" type of instruction, but because it may be misunderstood by the jury as constituting some separate sort of defense. *Fenton v. Aleshire*, 238 Or. 24, 393 P.2d 217, 222 (1964). The instruction may have the effect of nudging or tilting the jury in a harmful manner when the evidence is close. *Hukill v. H.E.B. Food Stores, Inc.*, 756 S.W.2d 840, 844 (Tex.App.—Corpus Christi 1988, no writ). There is an increasing trend by courts which have analyzed the instruction to conclude that the harm it engenders far outweighs its usefulness. *Hunter v. Johnson*, 178 W.Va. 383, 359 S.E.2d 611, 613 (1987). *See generally* William W. Kilgarlin, George (Tex) Quesada & Robin Russell, *Practicing Law in the "New Age": The 1988 Amendments to the Texas Rules of Civil Procedure*, 19 TEX.TECH L.REV. 881, 915 (1988).

### III.

Proponents of the unavoidable accident instruction have expressed concern that the instruction is a necessary reminder to the jury that not all accidents are caused by negligence. *See Hill v. Winn Dixie Texas, Inc.*, 849 S.W.2d 802, 805 (Tex.1992) (Hecht, J., dissenting). The Texas broad form negligence/proximate cause question, however, contains indicators to the jury that they need not find either party negligent. For example, the broad form question asks "Did the negligence, if any, of the persons named below proximately cause the occurrence." 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 4.01B (1991). The jury is free to answer "no" for any and all persons submitted. *Id.* PJC 3.04 *comment.* The words "if any" certainly suggest to the jury that there may not be any negligence. Additionally, the plaintiff carries the burden of proof and persuasion to convince the jury that the defendant's breach of duty caused the injury. If the facts indicate that the parties' behavior comported with "ordinary prudence ... under the same or similar circumstances," the jury should not find either party negligent. *Id.* PJC 2.01. Since the ordinary instructions on negligence and proximate cause sufficiently demonstrate that the plaintiff must sustain the burden of proof on these issues in

order to recover, the instruction on unavoidable accident serves no useful purpose. *Butigan*, 320 P.2d at 504. Finally, defense counsel may argue the theory of unavoidable accident to the jury, as the defendant in this case chose to do in both opening and closing statements. The safeguards already provided by broad form submission have rendered the unavoidable accident instruction redundant, and have removed its "only real purpose:" ensuring that the jury does not overlook the possibility that neither party is negligent. *Yarborough*, 467 S.W.2d at 192.

I believe that the unavoidable accident instruction, has outlived its usefulness in Texas. In 1973, by amendment to TEX.R.CIV.P. 277, this court mandated broad form submission "whenever feasible." *See Texas Dept. of Human Serv. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 266 (Tex.1992). The unavoidable accident instruction remains an unwanted vestige of the past. The jury need not and should not be burdened with surplus instructions. *See Acord v. General Motors Corp.*, 669 S.W.2d 111, 116 (Tex.1984); *see also Perez v. Weingarten Realty Investors*, 881 S.W.2d 490 (Tex.App.—San Antonio 1994, no writ). This court should endeavor to remain true to the spirit behind broad form submission embodied in TEX.R.CIV.P. 277 and reject surplus instructions which merely serve to distract the fact-finder. *See Acord*, 669 S.W.2d at 116 (disapproving of instruction in strict liability actions stating that a manufacturer is not an insurer of his product); *Lemos v. Montez*, 680 S.W.2d 798, 801 (Tex.1984) (disapproving of instruction that "the mere happening of a collision of motor vehicles is not evidence of negligence"); *see also Davila v. Sanders*, 557 S.W.2d 770, 771 (Tex.1977) (abolishing imminent peril instruction); *French v. Grigsby*, 571 S.W.2d 867, 867 (Tex. 1978) (abolishing last clear chance instruction). As we stated in *Lemos*, "a workable jury system demands strict adherence to simplicity in jury charges." *Lemos*, 680 S.W.2d at 801. The criteria for clarity and simplicity set out in *Lemos* point towards the wisdom of paring the jury charge to its essential elements. Because the unavoidable accident instruction is superfluous in the

presence of correct instructions on negligence and proximate cause and because it may nudge, tilt or even confuse the jury, I would abolish this misleading and unnecessary instruction.