ACCEPTED
03-14-00819-cv
5692786
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 11:49:17 AM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-14-00819-CV

_____

IN THE COURT OF APPEALS FOR THE
THIRD COURT OF APPEALS DISTRICT
AUSTIN DIVISION

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 11:49:17 AM
JEFFREY D. KYLE
Clerk

_____

*Judy Weirich*

*v.*

*IESI Corp. and Southside Wrecker, Inc.*

_____

**APPELLEE SOUTHSIDE WRECKER, INC.'S BRIEF**

_____

THE PETRAS LAW FIRM PLLC
State Bar No. 15850510
George J. Petras IV
1504 San Antonio Street
Austin, Texas  78701
(512) 334-9583 Telephone
(512) 334-9709 Facsimile
gpetras@petraslawfirm.com

**ATTORNEY FOR APPELLEE
SOUTHSIDE WRECKER, INC.**

**<u>APPELLEE REQUESTS ORAL ARGUMENT</u>**

1

## REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 39, TEX. R. APP. P., Appellee respectfully requests oral argument in this case.

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to this appeal and the names and addresses of those parties' counsel.

| **APPELLANT/PLAINTIFF** | **COUNSEL FOR PLAINTIFF** |
|---|---|
| Judy Weirich | Zachary P. Hudler<br>Zachary P. Hudler, P.C.<br>P.O. Box 1728<br>Johnson City, Texas 78636<br>(830) 868-7651 Telephone<br>(830) 868-7636 Facsimile<br>Zachary@hudlerlaw.com |

| **APPELLEE/DEFFENDANT** | **COUNSEL FOR APPELLEE** |
|---|---|
| Southside Wrecker, Inc. | George J. Petras IV<br>The Petras Law Firm PLLC<br>1504 San Antonio Street<br>Austin, Texas 78701<br>(512) 334-9583 Telephone<br>(512) 334-9709 Facsimile<br>gpetras@petraslawfirm.com |
| IESI Corporation | Vaughn Waters<br>Thornton, Biechlin, Segrato,<br>Reynolds & Guerra, L.C.<br>Fifth Floor<br>One International Centre<br>100 N.E. Loop 410<br>San Antonio, Texas 78216<br>(210) 342-5555 Telephone<br>(210) 525-0666 Facsimile<br>vwaters@thorntonfirm.com |

# TABLE OF CONTENTS

|  | Page |
|---|---|
| REQUEST FOR ORAL ARGUMENT | 2 |
| IDENTITY OF PARTIES AND COUNSEL | 3 |
| TABLE OF CONTENTS | 4 |
| TABLE OF AUTHORITIES | 5 |
| STATEMENT OF THE CASE | 6 |
| ISSUES PRESENTED | 6-7 |
| COUNTER-STATEMENT OF FACTS | 10-11 |
| SUMMARY OF THE ARGUMENT | 11-12 |
| ARGUMENT | 13-21 |
| A. The Plaintiff's Fourth Amended Petition added no additional cause(s) of actions for the trial court's consideration. | 13-16 |
| B. The Weirich Affidavit was based on hearsay conclusory statements of opinion as to causation, without either personal knowledge or competence to testify. | 16-19 |
| C. The trial court considered and rejected Plaintiff's purported new causes of action when it granted the summary judgment motions. | 19-20 |
| D. The statutory citations now provided in the Brief of Appellant still fail to provide any court with competent summary judgment evidence on causation long after discovery has ended. | 20-21 |
| CONCLUSION AND PRAYER | 22 |
| CERTIFICATE OF COMPLIANCE | 23 |
| CERTIFICATE OF SERVICE | 24 |

# TABLE OF AUTHORITIES

**CASES** | **Page**

*Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 865 (Tex. 1982)  13

*Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App. – Houston [1ˢᵗ Dist.] 2007, pet. denied)  19

*Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573 (Tex. 1982)  13

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex. 1985)  11-12

*Reinhart v. Young*, 906 S.W.2d 471, 472 (Tex. 1995), citing *Dallas Ry. & Terminal Co. v. Bailey*, 250 S.W.2d 279, 385 (Tex. 1952)  13-14

*Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App. – Houston [14ᵗʰ Dist.] 2000, pet. denied)  19

*Yarbrough v. Berner*, 467 S.W.2d 188, 192 (Tex. 1971)  14


**STATUTES**

Rule 39, TEX. R. APP. P.  2

TEX. R. APP. P. 38.1(d)  5

TEX. R. CIV. P. 166a(f)  14

TEX. R. CIV. P. 166(a)(i)  19

TEX. R. EVID. 602  15

TEX. R. EVID. 802  15

TEX. R. EVID. 701  16

TEX. R. EVID. 702  16

TEX. R. EVID. 901  15

## STATEMENT OF THE CASE

The Appellee agrees with Appellant's statement of the case in terms of her recitation of the identity of the trial court and "trial court's actions," but objects to that portion entitled "Nature of the Case," for it discusses the facts in contravention of TEX. R. APP. P. 38.1(d).

## ISSUES PRESENTED

Reply to Issue 1: This Court does have standing to consider this appeal because the Order of the trial court granting Southside's No-Evidence Motion for Summary Judgment was final. Plaintiff's Fourth Amended Petition was untimely where it attempted to assert new causes of action well beyond the expiration of the Level 2 discovery deadline, and were nonetheless addressed in their entirety in Defendant Southside's Reply to Defendants' No-Evidence Motions for Summary Judgment and for Severance (CR 140).

Reply to Issue 2: Issue 2, concerning the hearsay nature and lack of capacity to testify to expert opinions as a lay person, resulting in the striking of the Plaintiff's affidavit constituting her only summary judgment evidence as to causation, was fully addressed in Defendant Southside Wrecker, Inc.'s Objections to Plaintiff's Summary Judgment Evidence, CR 149. The trial court properly struck and excluded Plaintiff Judy Weirich's affidavit in response to Defendants' No-Evidence Motions for Summary Judgment.

6

Reply to Issue 3: The trial court correctly ruled in both striking the Plaintiff's summary judgment evidence and granting Defendants' No-Evidence Motions for Summary Judgment.

_____

IN THE COURT OF APPEALS FOR THE
THIRD COURT OF APPEALS DISTRICT
AUSTIN DIVISION

_____

*Judy Weirich*

*v.*

*IESI Corp. and Southside Wrecker, Inc.*

_____

**APPELLEE SOUTHSIDE WRECKER, INC.'S BRIEF**
_____

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Appellee Southside Wrecker, Inc. ("Southside"), and files this, its Brief of Appellee in response to the Brief of Appellant Judy Weirich ("Weirich") in support of the appeal from the trial court's orders granting No-Evidence Motions for Summary Judgment in favor of IESI Corporation ("IESI") and Southside, and in support thereof Appellee Southside would respectfully show unto the Court the following:

## COUNTER-STATEMENT OF THE FACTS

The Plaintiff claims by way of suit that on January 9, 2012 she was travelling on Texas Highway 290 through Johnson City, Texas and her vehicle was struck by a wheel that had detached from an IESI garbage truck while being towed by Southside. The Plaintiff sues for personal injury and property damage. CR 127. The Plaintiff, by her own admission, has no personal knowledge whatsoever as to how the tire that struck her vehicle became dislodged from its source and no information from any other source of any kind as how the tire that struck her vehicle became dislodged from its source. CR 155.

Following the expiration of the Plaintiff's chosen level 2 discovery deadline of September 9, 2013, CR 95, reiterated three times following the Plaintiff's filing of her Original Petition on August 2, 2012 (CR 4) in Plaintiff's First Amended Original Petition filed on September 12, 2013 (CR 26), Plaintiff's Second Amended Original Petition filed on October 22, 2013 (CR 34) and Plaintiff's Third Amended Original Petition filed on November 25, 2013 (CR 47), Defendants Southside and IESI filed No-Evidence Motions for Summary Judgment on August 21, 2014 (CR 94) and August 22, 2014 (CR 107), respectively. Only one week before the court's October 24, 2014 hearing on Defendants' No-Evidence Motions for Summary Judgment did the Plaintiff file her Fourth Amended Original Petition on October 17, 2014 (CR 127) and requested a level 3 discovery control plan with a docket control

order.  Through the date of the filing of the Plaintiff's Fourth Amended Original Petition, the only discovery that had been conducted in the case was a service of written discovery by the Defendants on the Plaintiff and the Defendants' deposition of the Plaintiff.  At no time prior had the Plaintiff served any written discovery requests on either Defendant, nor had she made any request for any deposition of any witness associated with IESI or Southside.  CR 96.

Following the hearing on October 24, 2014, the court signed orders granting IESI's Motion to Strike the Plaintiff's Summary Judgment Evidence (CR 176) and Southside's Objection to Plaintiff's Summary Judgment Evidence (CR 181) and orders granting IESI's No-Evidence Motion for Summary Judgment (CR 179) and Southside's No-Evidence Motion for Summary Judgment (CR 183).  The Plaintiff appealed from the grant of these No-Evidence Motions for Summary Judgment.

## SUMMARY OF THE ARGUMENT

The trial court correctly sustained Southside's Objection to Plaintiff's Summary Judgment Evidence and IESI's Motion to Strike Plaintiff's Affidavit because anything contained in the Weirich Affidavit as to causation of the accident made the basis of the lawsuit constituted either hearsay due to the Plaintiff's lack of personal knowledge and/or improperly presented expert testimony via opinion testimony of a lay witness who lacks competence to provide any opinion as to causation beyond her admitted lack of personal knowledge. The court then properly granted Southside's and IESI's No-Evidence Motions for Summary Judgment in the absence of any competent summary judgment evidence as to the cause of the accident made the basis of the Plaintiff's lawsuit. The court ruled within its discretion to determine that the case was ripe for consideration of a no-evidence motion for summary judgment as more than adequate time for discovery had passed and the Plaintiff's Fourth Amended Original Petition added no new true cause of action against the Defendants to prevent the court from granting the No-Evidence Motions for Summary Judgment at the time it did. The first citation to any statute allegedly establishing a standard of care the violation of which would constitute negligence per se is contained in the Brief of Appellant. The Plaintiff's injection of the term *res ipsa liquitor* in the Plaintiff's Fourth Amended Original Petition remains to date devoid of any evidence of negligence, for at least through October 17, 2014,

11

more than a year after the level 2 discovery deadline, the Plaintiff made no effort to discover anything from the Defendants as to the cause of the incident made the basis of this lawsuit.

Therefore, the trial court ruled correctly on all matters made the subject of the Plaintiff's appeal.

## ARGUMENT

A.   The Plaintiff's Fourth Amended Petition added no additional cause(s) of actions for the trial court's consideration.

The Plaintiff complains by way appeal that it was improper for the trial court to grant Southside's and IESI's No-Evidence Motions for Summary Judgment and thereby dismiss in its entirety the Plaintiff's lawsuit because the Plaintiff one week prior to the hearing, on October 17, 2014, filed Plaintiff's Fourth Amended Original Petition and Request for Production (CR 127). As more than adequately covered in Defendant Southside's Reply to Plaintiff's Response to Defendants' No-Evidence Motions for Summary Judgment and for Severance (CR 140), all the Plaintiff did by way of Fourth Amended Petition was to add one sentence to her negligence cause of action in paragraph 10, saying "In the alternative, Defendants are liable under the legal principles of negligence per se and *res ipsa loquitor*." (CR 129). At the time of the trial court's determination of the motions made the subject of this appeal, the Plaintiff's Fourth Amended Original Petition added no additional cause(s) of action for the trial court's consideration, whether the Plaintiff purports that the mere injection of the words "negligence per se" and "*res ipsa loquitor*" constitute "additional theories of recovery." As was presented to the trial court, the elements of a cause of action for negligence per se require the identification by the Plaintiff of a statute establishing the standard of care owed by a defendant for violation of which would constitute negligence. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546

13

(Tex. 1985). The *Nixon* case sets forth four elements of a cause of action for negligence per se:

1. The plaintiff belongs to the class of persons the statute was designed to protect, and her injury is of the type the statute was designed to prevent.

2. The statute is one for which tort liability may be imposed when violated.

3. The defendant violated the statute without excuse.

4. The defendant's act or omission proximately caused the plaintiff's injury.

*Nixon* at 549.

Separate from failing to identify any statute, ordinance or administrative regulation establishing a standard of care, just like with respect to her claims of ordinary negligence, the Plaintiff presented the court with no evidence of the violation by either Defendant of any statute, with or without any evidence whatsoever as to the cause of the accident made the basis of the lawsuit. Therefore, the injection of the term "negligence per se" in the Plaintiff's Fourth Amended Original Petition simply did not add any "additional theory of recovery" not already addressed by the Defendants sufficient to render the granting of the Defendants' No-Evidence Motions for Summary Judgment inappropriate by the trial court.

The same is true with respect to the Plaintiff's inclusion in her Fourth Amended Original Petition of the term "*res ipsa loquitor*." "*Res ipsa loquitor*" is simply a rule of evidence by which negligence may be inferred by the jury; it is not

a separate cause of action for negligence. *Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 865 (Tex. 1982). As previously pointed out to the trial court (CR 144), the elements for a *res ipsa loquitor claim* are as follows:

1. The doctrine is applicable only when two factors are present:

    i. The character of the accident is such that it would not ordinarily occur in the absence of negligence; and

    ii. The instrumentality causing the injury is shown to have been under the management and control of the defendant.

*Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573 (Tex. 1982). The Plaintiff presented no evidence to the trial court, even if her own affidavit were admissible competent summary judgment evidence, to prove that "the character of the accident is such that it would not ordinarily occur in the absence of negligence." *Id.* Not only do the Plaintiff's alternate theories concerning Defendant IESI's alleged negligent maintenance of its vehicle and Defendant Southside's alleged negligence in inspecting in towing the vehicle take the case out of the realm of *res ipsa loquitor*, the Plaintiff has in no way negated the simple possibility that the accident was just that – an accident – that occurred due to the negligence of nobody. In Defendant Southside's First Amended Original Answer to Plaintiff's Third Amended Original Petition, Southside pleaded the affirmative defense of unavoidable accident. (CR 88). "An unavoidable accident is an event not proximately caused by the negligence of any party to it." *Reinhart v. Young*, 906 S.W.2d 471, 472 (Tex. 1995), citing

15

*Dallas Ry. & Terminal Co. v. Bailey*, 250 S.W.2d 279, 385 (Tex. 1952). The

*Reinhart* court explains that the "purpose of the instruction is to ensure that the jury

will understand that they do not necessarily have to find that one or the other parties

to the suit was the blame for the occurrence complained of." *Id*., quoting *Yarbrough

v. Berner*, 467 S.W.2d 188, 192 (Tex. 1971). Regardless of whether simply using

the words *res ipsa loquitor* in an amended petition constitutes an "additional theory

of recovery," the denial at the time of the motion hearing by each Defendant that it

was negligent, and the absence of any competent evidence provided by the Plaintiff

of negligence negates any possibility that the Plaintiff had properly presented a

negligence claim utilizing *res ipsa loquitor* as a rule of evidence, as nothing was

before the court, including negation of the possibility of a simple unexpected and

unforeseeable mechanical failure, as the cause of the accident.

B.      The Weirich Affidavit was based on hearsay conclusory statements of opinion
        as to causation, without either personal knowledge or competence to testify.

Southside does not contend that Weirich as an individual was not competent

to provide sworn testimony in the form of an affidavit. Weirich's appellate brief

correctly points out, however, pursuant to TEX. R. CIV. P. 166a(f) that with respect

to form of affidavit, "Supporting and opposing affidavits shall be made on personal

knowledge, shall set forth such facts as would be admissible in evidence, and shall

show affirmatively that the affiant is competent to testify to the matters stated

therein." The Plaintiff's summary judgment evidence, which at the time of the

16

hearing consisted solely of Weirich's affidavit, was properly excluded by the trial court for several reasons. As set forth in Defendant Southside's Objection to Plaintiff's Summary Judgment Evidence (CR 150), other than what she experienced at the time of the motor vehicle accident made the subject of the lawsuit, the balance of Weirich's affidavit was hearsay in violation of TEX. R. EVID. 802 because she lacked personal knowledge in violation of TEX. R. EVID. 602 as to the content of any investigation done by anyone, including her reference to the Johnson City Police Department Report made following the happening of the accident. Rather than authenticating the police report pursuant to TEX. R. EVID. 901, Weirich simply engaged in hearsay testimony constituting inappropriate summary judgment evidence because it would be inadmissible in evidence at a conventional trial on the merits. TEX. R. CIV. P. 166a(f).

In addition, as previously pointed out, Weirich has no personal knowledge of how the tire that struck her vehicle either became dislodged from its source or any information from any other source of any kind as to how the tire that struck her vehicle became dislodged from its source. (CR 155). Therefore, for her to express any opinion, fact or assumption about the cause of the accident is by Weirich's own admission beyond her personal knowledge and therefore renders her not competent to tender an affidavit on the issue of causation.

Finally, as also pointed out in Defendant Southside's Objections to Plaintiff's Summary Judgment Evidence, Weirich neither identified herself as an expert nor offered any evidence as to her qualification or competency as an expert, thereby negating her testimony as admissible pursuant to TEX. R. EVID. 702. (CR 157). As clearly a "lay witness," in order for Weirich's opinion testimony to be considered admissible in evidence and therefore a proper summary judgment evidence, Weirich would need to have met the following tests as TEX. R. EVID. 701 read at the time of the trial court's decision in this case:

"If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are

(a)     rationally based on the perception of the witness and
(b)     helpful to a clear understanding of the witness' testimony or determination of fact of issue."

Given her admission that she has no idea how the tire came off of the IESI garbage truck, there is nothing within Weirich's perception that would allow her opinion testimony pursuant to TEX. R. EVID. 701.

Only that portion of paragraph 2 of the Weirich affidavit, that portion within in her personal knowledge as to what she experienced at the time of the accident, was competent summary judgment evidence. However, as confirmed by Weirich's deposition testimony, nothing experienced by Weirich at the time of the accident or learned by Weirich through the date the trial court granted the Defendants' Motions

18

for Summary Judgment justify consideration of the balance of the Weirich affidavit as competent summary judgment evidence because those opinions are neither based on the perception of Weirich nor are helpful to a clear understanding of her testimony for a determination of the cause of the tire coming off of the IESI truck.

C.    The trial court considered and rejected Plaintiff's purported new causes of action when it granted the summary judgment motions.

Assuming arguendo, which is expressly denied, that the Plaintiff's inclusion of a sentence with the terms "negligence per se" and "*res ipsa loquitor*" in her Fourth Amended Original Petition created new causes of action not the subject of or covered by the Defendants' respective No-Evidence Motions for Summary Judgment already on file with the court, upon review of Defendant Southside's Reply to Plaintiff's Response to Defendants' No-Evidence Motions for Summary Judgment and for Severance (CR 140), as discussed above, the trial court fully considered the viability of these claims within that pleading. (CR 143). Southside did not simply argue that Weirich's purported "additional theories of recovery" were both late and inadequately pleaded, Southside also addressed both negligence per se and *res ipsa loquitor* on their respective merits, thereby affording the trial court the opportunity to have rejected these claims as well in the absence of competent summary judgment evidence in response to Defendants' No-Evidence Motions for Summary Judgment. Therefore, even if this Court were to determine that Weirich successfully amended her lawsuit one week before the summary judgment hearing, over a year after the

19

discovery deadline, to create new causes of action not the subject of the pending No-Evidence Motions for Summary Judgment, Southside addressed those "additional theories of recovery," thereby providing the trial court with the proper legal basis to grant the Defendants' No-Evidence Motions for Summary Judgment.

D.  <u>The statutory citations now provided in the Brief of Appellant still fail to provide any court with competent summary judgment evidence on causation long after discovery has ended.</u>

The Plaintiff filed her lawsuit on August 2, 2012 (CR 4).  The level 2 discovery deadline period ended on September 9, 2013 (CR 141).  The Plaintiff filed her Fourth Amended Original Petition on October 17, 2014 (CR 127).  The Plaintiff filed her Brief of Appellant originally on April 9, 2015.  Notwithstanding assertion of statutory citations in the Brief of the Appellant for the first time supporting the alleged establishment of duty, and Weirich's separate claim of gross negligence on the part of the Defendants by for the first time in her Brief of Appellant setting forth conclusory standards of care the sources for which are nowhere identified, the fact remains that nowhere in the record to date does there exist anything, of a competent summary judgment or admissible at trial character, constituting evidence of causation.  It simply does not exist.  Given the fact that the trial court heard Defendants' No-Evidence Motions for Summary Judgment more than a year after the end of the level 2 discovery period, and over two months after the filing of the motions (CR 94 and 107, RR 1), the trial court was well within its discretion to

20

determine that adequate time had been provided for discovery prior to deciding the No-Evidence Motions for Summary Judgment pursuant to TEX. R. CIV. P. 166(a)(i). The review of the trial court's determination that an adequate time for discovery passed in granting a no-evidence summary judgment motion is done under an abuse of discretion standard. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App. – Houston [14th Dist.] 2000, pet. denied). In Defendant Southside's Reply to Plaintiff's Response to Defendants' No-Evidence Motions for Summary Judgment and for Severance, Appellee has applied the facts of this case to the factors set forth in *Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App. – Houston [1st Dist.] 2007, pet. denied) to more than adequately demonstrate for the trial court that it was well within its discretion to determine that sufficient time for discovery had been afforded the plaintiff prior to granting the Defendants' No-Evidence Motions for Summary Judgment. (CR 141-142). Accordingly, the trial court was well within its discretion and did properly grant the Defendants' No-Evidence Motions for Summary Judgment.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee Southside Wrecker, Inc. respectfully requests that this Court overrule Appellant's issues and affirm the trial court's judgment granting the Defendants' No-Evidence Motions for Summary Judgment, and for all relief, at law and at equity, to which it may be justly and equitably entitled.

Respectfully submitted,

THE PETRAS LAW FIRM PLLC

By:  /s/ George J. Petras IV
George J. Petras IV
1504 San Antonio Street
Austin, Texas  78701
(512) 334-9583 Telephone
(512) 334-9709 Facsimile
State Bar No. 15850510
gpetras@petraslawfirm.com

**ATTORNEY FOR APPELLEE
SOUTHSIDE WRECKER, INC.**

22

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to TEX. R. APP. P. 9.4(i)(3) that this document was generated by a computer using Microsoft Word 2013, which indicates that the word count of this document is 3930.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Appellee Southside Wrecker, Inc.'s Brief of Appellee** was delivered to the attorneys of record via electronically pursuant to TEX. R. APP. P. 9.15(b)(1), on this 16th day of June, 2015:

**VIA E-FILE**
Zachary P. Hudler
Zachary P. Hudler, P.C.
P.O. Box 1728
Johnson City, Texas 78636
zachary@hudlerlaw.com

**VIA E-FILE**
Vaughn Waters
Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C.
Fifth Floor
One International Centre
100 N.E. Loop 410
San Antonio, Texas 78216
vwaters@thorntonfirm.com

/s/ George J. Petras IV
George J. Petras IV
